Alvastia McKELLER, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–9305–CR–174.

Court of Appeals of Indiana,
Fourth District.

Sept. 20, 1993.

Howard Howe, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Dana A. Childress–Jones, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, Alvastia McKeller ("McKeller"), appeals his conviction for Possession of a Handgun With an Obliterated Serial Number[1], a Class C felony. We affirm.

### Issues

McKeller presents two (2) issues for our review, which we restate as follows:

1. Whether there was sufficient evidence to support the conviction.

2. Whether hearsay testimony given by a police officer should have been excluded.

### Facts and Procedural History

The facts most favorable to the verdict indicate that the Indianapolis Police were called on February 2, 1992, concerning a domestic dispute at 722 East Fairfield. As officers arrived at the apartment, McKeller walked out the front door. He then ran past two other officers and dropped a black leather jacket. When officers returned to the apartment, Angel Newsom informed them that McKeller was armed with a handgun when he left her residence.

Officer Popovich returned to the apartment in the early morning hours of February 6, 1992, to attempt to execute outstanding warrants on McKeller. Popovich noticed McKeller's car at the apartment and called for backup. Angel Newsom allowed the officers into the apartment and told them McKeller was in the bedroom. McKeller did not have any clothes on when the officers arrested him. Before transporting McKeller to the police station, the officers allowed him to get dressed. An officer patted down McKeller's coat before handing it to him. A .380 caliber handgun was found in one of the pockets. The serial numbers on the gun had been scratched out.

The State charged McKeller with Possession of a Handgun With An Obliterated Serial Number. A bench trial resulted in a conviction of McKeller as charged.

### Discussion and Decision

■ McKeller first contends there was not sufficient evidence to support his conviction. When reviewing a challenge to the sufficiency of evidence, we will neither reweigh the evidence nor judge the credibility of witnesses. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242. We shall affirm a conviction if, considering the evidence which supports the verdict and all reasonable inferences drawn therefrom, there is substantial evidence of probative value to support the conclusions of the trier of fact. *Id.*

■ McKeller was convicted under I.C. 35–47–2–18(2), which provides:

No person shall . . .

(2) possess any handgun on which the name of the maker, model, manufacturer's serial number, or other mark of identification has been changed, altered, removed or obliterated;

except as provided by applicable United States statute.

The evidence in the record indicates that when the police arrested McKeller on February 6th, both he and Newsom told the officers that he owned the black leather coat in the bedroom. One of the officers found a handgun in the pocket of the coat.

1. Ind.Code 35–47–2–18(2).

Officer Popovich testified that the serial numbers had been scratched off the gun. We find these facts sufficient to support McKeller's conviction for Possession of a Handgun with an Obliterated Serial Number.

■ McKeller also argues that I.C. 35–47–2–19 requires the State to prove the handgun was not made before January 1, 1899, in order to satisfy the requirements of I.C. 35–47–2–18. Section 19 states that "[t]his chapter does not apply to any firearm not designed to use fixed cartridges or fixed ammunition, or any firearm made before January 1, 1899." McKeller posits, without authority, that Section 19 is a requisite element of the offense of possession of a handgun with an obliterated serial number. We do not agree.

I.C. 35–47–2–24(a) provides that "[i]n an information or indictment brought for the enforcement of any provision of this chapter, it is not necessary to negate any exemption specified under this chapter, or to allege the absence of a license required under this chapter...." We have held that with respect to the offense of carrying a handgun without a license[2], an offense under this chapter, the State does not carry the burden of proving the defendant either has a license to carry the handgun or is exempt[3] from the statutory requirements. *Lewis v. State* (1985), Ind.App., 484 N.E.2d 77, 80, *reh. denied,* citing *Elliott v. State* (1982), Ind.App., 435 N.E.2d 302. We have not had the opportunity to review Section 24 in light of the other exemptions found in I.C. 35–47–2.

In applying the plain meaning of Section 24(a) to Section 19, we find that Section 19 is an exemption under this chapter which the State is not required to negate. Additionally, I.C. 35–47–2–18, the statute which prohibits possession of a handgun with an obliterated serial number, does not include proof of when the handgun was manufactured as an element of the offense. If the legislature had intended to make the date of manufacture an element of the offense,

we believe it would have included Section 19 as a part of I.C. 35–47–2–18. Because the legislature made Section 19 an exemption to the offense, the State is not required to prove the nonexistence of any exemption under Section 19 as a requisite element.

McKeller next contends the trial court committed fundamental error by allowing hearsay testimony into evidence. He argues that Officer Popovich was improperly allowed to testify as to statements made by Angel Newsom.

■ In his brief McKeller admits that he did not make an objection to any of the contested testimony during the bench trial. When a defendant does not properly bring an objection to the trial court's attention so that the trial court may rule on it at the appropriate time, he is deemed to have waived that possible error. *Ingram v. State* (1989), Ind., 547 N.E.2d 823. McKeller attempts to sidestep the effect of this requirement by claiming that it was fundamental error for the testimony to have been admitted. Fundamental error is an exception to the general rule requiring an objection to be made at trial to preserve error for an appeal. To fall within this exception, the error must be such that if not rectified it would deny the defendant due process. *Olson v. State* (1990), Ind., 563 N.E.2d 565, 567.

■ Hearsay is defined as an out-of-court statement offered to prove the truth of the matter asserted therein and rests on the credibility of a declarant who is not in court and unavailable for cross-examination. *Craig v. State* (1993), Ind.App., 613 N.E.2d 501, 503.

■ Officer Popovich testified that Angel Newsom told him McKeller had a nine millimeter handgun on the night of February 2nd, and that the black leather coat in the bedroom on February 6th belonged to McKeller. The State argues that the testimony was not hearsay because it was introduced to establish the fact of an

---

**2.** I.C. 35–47–2–1.

**3.** I.C. 35–47–2–2 lists those persons who may carry a handgun without a license.

investigation by police. The hearsay rule does not apply so as to require exclusion of police testimony which contains out-of-court statements made by third parties but which is introduced to explain why a particular course of action was taken during a criminal investigation. *Id.* The record indicates that the testimony was used to explain why the officers took the coat from the door handle and patted it down. Therefore, the testimony was admissible to show the reason for the officers' investigation. There was other evidence before the trial court to find that McKeller owned the coat and had possession of the handgun. Accordingly, we do not find that Popovich's statements concerning Newsom's statements denied McKeller due process.

Affirmed.

MILLER, and HOFFMAN, JJ., concur.