Kirk Allen WALKER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A03–9610–CR–361.

Court of Appeals of Indiana.

April 4, 1997.

Randall J. Hammond, Deputy Public Defender, Fort Wayne, for Appellant.

Pamela Carter, Attorney General of Indiana, John B. Herriman, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

GARRARD, Judge.

Kirk Allen Walker ("Walker") was tried and convicted by a jury of the offenses of Battery, a class A misdemeanor, Rape, a class B felony and Criminal Deviate Conduct, a class B felony. Walker contends that there was insufficient evidence to support his convictions and that the trial court erred in instructing the jury on lesser included offenses. We affirm.

### *FACTS AND PROCEDURAL HISTORY*

The facts most favorable to the verdict indicate that in the early morning hours of January 1, 1995, Walker returned home with his wife, Jeannie Walker ("Jeannie"), after a night of bowling and celebrating New Year's Eve. Both Walker and Jeannie consumed alcohol throughout the evening and early morning. Jeannie became ill after arriving home and vomited before falling asleep on the bathroom floor. She eventually awoke and went to her bedroom where Walker was in bed. After she lay down on the bed, she was awakened by Walker who was trying to remove her pants. Jeannie told Walker not to take her pants off; however, she removed them after Walker told her to take them off or he was going to take them off for her. Walker pushed her on the bed, held her down by the throat and had intercourse with her. Despite Jeannie's pleas for him to stop, he continued to have intercourse while he held her down by the neck, bit her ear and punched her. Jeannie continued to scream because she hoped that someone would hear her. Walker then forced Jeannie to have anal intercourse and continued to hit her, bite her and push her face into the bed. While having intercourse with her, Walker told Jeannie that he would hunt her down if she told. Walker began hitting her with a flashlight because she continued to scream. After Walker fell asleep, Jeannie went to her mother's house and called police. Jeannie returned to her home with police who arrested Walker. Upon arrest, Walker indicated to police that he had "fucked up."

The state initially charged Walker with Battery, a class C felony, and Battery, a class A misdemeanor. Subsequently, the state added counts III and IV, Rape and Criminal Deviate Conduct, both class A felonies. At the conclusion of evidence at trial, the state requested jury instructions and verdict forms for the lesser included offenses of Rape and Criminal Deviate Conduct as class B felonies. The trial court gave the instructions for the lesser included offenses despite Walker's objection. Walker was found guilty of Battery, a class A misdemeanor, Rape, a class B felony, and Criminal Deviate Conduct, a class B felony. Walker appeals.

### *ISSUES*

Walker presents two issues on appeal:

I. Whether there was insufficient evidence to sustain his convictions.

II. Whether the trial court erred in giving instructions for the lesser included offenses of Rape and Criminal Deviate Conduct as class B felonies.

### *STANDARD OF REVIEW*

When reviewing challenges to the sufficiency of the evidence, we will not reweigh the evidence or judge the credibility of the witnesses. *McMahel v. State*, 609 N.E.2d 1175, 1177 (Ind.Ct.App.1993). We consider only the evidence favorable to the judgment and the reasonable inferences flowing therefrom. *Id.* The judgment will be sustained if it is supported by substantive evidence of probative value. *Id.*

### *DISCUSSION AND DECISION*

*Issue I*

The state presented ample evidence to support Walker's convictions.[1] Jeannie

---

1. The relevant portions of the Indiana statutes defining the offenses for which Walker was convicted are as follows:

   IND.CODE § 35–42–2–1, Battery

   a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

   (1) a Class A misdemeanor if it results in bodily injury to another person, . . . .

   IND CODE § 35–42–4–1, Rape

testified that Walker hit her, bit her and physically restrained her while he forced her to have vaginal and anal intercourse. A victim's uncorroborated testimony is sufficient to support a rape conviction. *Allen v. State*, 636 N.E.2d 190, 195–96 (Ind.Ct.App.1994), *reh'g denied, trans. denied; Wise v. State*, 635 N.E.2d 221, 224 (Ind.Ct.App.1994), *trans. denied.* "The uncorroborated testimony of one witness is sufficient to sustain a conviction." *Wray v. State*, 547 N.E.2d 1062, 1068 (Ind.1989). Furthermore, although he argued that it was consensual, Walker admitted that he had vaginal intercourse and might have had anal intercourse with Jeannie. Officer Clifford testified that he observed Jeannie at the police station shortly after the incident and that she had multiple contusions about the face, hands and head, dried blood and significant swelling. Upon Walker's arrest, Officer Clifford and Officer Jones both testified that Walker indicated that he had "fucked up." R.237, 266–67.

Walker's argument is substantially an invitation to reweigh the evidence and reexamine the victim's credibility as a witness, which our standard of review precludes us from accepting. The evidence presented at trial was sufficient to support Walker's convictions.

### Issue II

Walker contends that the trial court erred in granting the state's request for jury instructions and verdict forms on lesser included offenses over his objection.[2] In *Wright v. State*, 658 N.E.2d 563 (Ind.1995), our supreme court established a three (3) step analysis for determining whether a trial court should give an instruction on a lesser included offense.

First, a trial court must compare the statute defining the crime charged with the statute defining the alleged lesser included offense. If (a) the alleged lesser included offense may be established "by proof of the same material elements or less than all the material elements" defining the crime charged, Ind.Code § 35–41–1–16(1) (1993), *Aschliman v. State* (1992), Ind., 589 N.E.2d 1160, 1161, or (b) the only feature distinguishing the alleged lesser included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense, Ind. Code § 25–41–1–16(3) (1993), *Holder v. State* (1991), Ind., 571 N.E.2d 1250, 1256, then the alleged lesser included offense is *inherently* included in the crime charged.[footnote omitted] If an offense is inherently included in the crime charged, then a trial court should proceed to step three below.

. . .

Third, if a trial court has determined that an alleged lesser included offense is *either* inherently *or* factually included in the crime charged, it must look at the evidence presented in the case by both parties. If there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or fac-

---

A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when:

(1) the other person is compelled by force or imminent threat of force; ... commits rape, a Class B felony.

IND.CODE § 35–42–4–2, Criminal Deviate Conduct

A person who knowingly or intentionally causes another person to perform or submit to deviate sexual conduct when:

(1) the other person is compelled by force or imminent threat of force; ... commits criminal deviate conduct, a Class B felony.

Deviate sexual conduct is defined in IND.CODE § 35–41–1–9 as an "act involving: (1) a sex or-

gan of one person and the mouth or anus of another person;...."

**2.** Ind.Appellate Rule 8.3(A)(7) provides that "[w]hen an error is predicated on the giving or refusing of any instruction, the instruction shall be set out verbatim in the argument section of the brief with the verbatim objections, if any, made thereto." Walker sets out his objection in the brief but fails to set out the instructions. Failure to set out the instruction and objection thereto in the brief results in a waiver. *Gibson v. State*, 516 N.E.2d 31, 32 (Ind.1987). However, since Walker's argument raises the issue of whether his convictions, as well as the instructions, violated due process, we address his argument on the merits.

tually included lesser offense. [Citations omitted].

*Id.* at 566–67.

 Applying the first step to the case at bar, it is clear that Rape and Criminal Deviate Conduct as class B felonies are inherently lesser included offenses of Rape and Criminal Deviate Conduct as class A felonies. In the case at bar, the difference between the class A felonies and class B felonies focuses on whether Walker committed the offenses while armed with a deadly weapon. Since Rape and Criminal Deviate Conduct as class B felonies can be established by proving the same material elements or less than all the material elements of the A felonies, they are inherently included. *Wright, supra.*

 Having determined that the lesser offenses were inherently included, the trial court was required to examine the evidence in determining whether there was a serious evidentiary dispute regarding the deadly weapon element which distinguished the greater from the lesser offenses. There was an evidentiary dispute as to whether Walker committed the offenses while armed with a deadly weapon. Although Jeannie testified that Walker struck her with the flashlight, Officer Clifford and Officer Jones both testified that they were not made aware of any flashlight before arresting Walker shortly after the incident. Although Walker acknowledged owning a flashlight, he testified that he struck Jeannie only with his hand and not the flashlight. The jury could have also concluded that although Walker hit Jeannie with the flashlight, he did not commit the rape and criminal deviate conduct while armed with a deadly weapon. The evidence was such that a jury could have concluded, **and did conclude,** that Walker committed the lesser included offenses and not the greater.

Walker's objection at trial was that since the state had charged him with class A felonies, the instructions for lesser included offenses violated his due process rights. He contended that it was "basically like adding two more charges to this case...." Appellant Brief, p. 19. Walker had notice that he was subject to the lesser included offenses. Rape and Criminal Deviate Conduct as class B felonies are inherently included offenses of Rape and Criminal Deviate Conduct as class A felonies. It is impossible to commit the greater offense without first having committed the lesser. Thus, Walker had notice of all elements of the lesser included offenses. *Davenport v. State,* 536 N.E.2d 263 (Ind. 1989), *reh'g denied.*

There was no due process violation. Accordingly, we find no error.

Judgment Affirmed.

HOFFMAN and RUCKER, JJ., concur.