**Nathaniel THRASH, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–9612–CR–810.

Court of Appeals of Indiana.

Jan. 14, 1998.

---

Kurt A. Young, Nashville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Nathaniel Thrash (Thrash), appeals his convictions for Robbery, a Class B felony, and Criminal Confinement, a Class D felony.

We affirm.

Thrash presents two issues for review, which we restate as follows:

(1) Whether the trial court erred in refusing to give Thrash's tendered instruction with respect to the use of force to effect an arrest or prevent an escape.

(2) Whether the trial court erred in its instructions regarding circumstantial evidence.

On the evening of August 7, 1996, Chris Ball (Ball) and his girlfriend were stopped at a telephone at the corner of 10th and Tacoma in Indianapolis, Indiana. According to Ball, a gray Oldsmobile driven by Thrash and another individual pulled up. The passenger grabbed Ball, threw him in the car, and Thrash drove off. When one of the men demanded money, Ball attempted to crawl out of the moving car's window. During the ensuing struggle, the car's occupants managed to relieve Ball of his shoes and his pants, and Ball managed to get out of the window.

Thrash's version of the events paint a less sympathetic picture of Ball. According to Thrash, he stopped in order to purchase crack cocaine from Ball. After Ball willingly got into Thrash's car, Ball handed him a piece of cocaine in exchange for $50.00. Thrash placed the substance into his mouth in order to perform a quality check. After deciding that the substance was not cocaine, Thrash demanded a refund. Ball, however, was attempting to crawl out of the window. Thrash and his companion attempted to get at Ball's wallet, but somehow, Ball's pants and shoes came off and Ball escaped through the window.

Thrash's innovative argument is that he was a victim of theft by deception; therefore, he was justified in attempting to effect an arrest pursuant to I.C. 35–41–3–3 (Burns Code Ed. Repl.1994). The statute notes that such action is justified if a felony has been committed and the individual had reason to believe that the subject of his detention has committed the felony. Thrash's tendered instruction read:

> "A person other than a law enforcement officer is justified in using reasonable force against another person to effect an arrest or prevent another person's escape if a felony has been committed and there is probable cause to believe the other person committed that felony." Record at 62.

 Instruction of the jury is left to the sound judgment of the trial court and will not be disturbed absent an abuse of discretion. *Dayhuff v. State* (1989) Ind.App., 545 N.E.2d 1100, 1102, *trans. denied.* Upon review of the trial court's denial of a proposed instruction, this court determines whether the instruction correctly states the law, whether the instruction is supported by the evidence in the record, and whether other instructions adequately cover the substance of the denied instruction. *Hartman v. State* (1996) Ind., 669 N.E.2d 959.

 As the State points out, a trial court need not give instructions which are incomplete or confusing. *Kuchel v. State* (1986) Ind., 501 N.E.2d 1032, 1034. Thrash's instruction, however, fails to instruct the jury as to what felony Ball allegedly committed, thus the trial court did not err in refusing to read it to the jury. Further, although the State fails to point it out, the only evidence in favor of Thrash's tendered instruction was that of Thrash. Thrash testified that he was trying to get his money back from Ball. This is not tantamount to attempting to arrest Ball or prevent Ball's escape pursuant to the statute. Thrash's version of the occurrence is much more susceptible to the conclusion that he was simply availing himself of self-help debt collection. Finally, even if Thrash's instruction constitutes a true statement of the law, as a matter of public policy, we will not allow individuals who find themselves at the bad end of a drug deal to avail themselves of such a self-help method of arrest. The statute was not intended to provide solace to those who find themselves wronged while breaking the law. The trial court properly denied Thrash's instruction.

 Thrash further contends that the trial court erred in its instruction on circumstantial evidence. The instruction, according to Thrash, omitted the admonishment that, "in order to convict, such [circumstantial] evidence must be of so conclusive a character, and point so surely and unerringly to the guilt of the accused, as to exclude every reasonable hypothesis of innocence." Appellant's Brief at 13. A defendant is entitled to such an instruction when the case rests entirely upon circumstantial evidence. *Lloyd v. State* (1996) Ind., 669 N.E.2d 980, 985. Thrash, however, failed to object to the instruction as given at trial. When a defendant fails to object to a final instruction at trial, he has waived his argument upon appeal, unless the error amounts to fundamental error. *White v. State* (1996) Ind., 675 N.E.2d 345, 346, *trans. denied.*

 Thrash's argument must fail. Both Ball and his girlfriend testified as to the events in question. The case is one, therefore, which rests upon direct rather than circumstantial evidence. Further, the trial court issued other instructions which adequately informed the jury that the State had the burden of proving Thrash guilty beyond a reasonable doubt and that Thrash was presumed to be innocent. Under the circumstances, the trial court's failure to provide

Thrash with such an instruction does not rise to the level of fundamental error.

The judgment is affirmed.

FRIEDLANDER and DARDEN, JJ., concur.