**Allan L. HANSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A04–9805–CR–235.

Court of Appeals of Indiana.

Jan. 12, 1999.

**154**

Robert W. Rock, Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Chris Worden, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Allan K. Hanson (Hanson) appeals following his convictions for possession of cocaine within 1000 feet of school property, a Class B felony, and obliterating identification marks on a handgun, a Class C felony. Ind.Code §§ 35–48–4–6; 35–47–2–18.

Affirmed.

### ISSUES

Three issues are raised for our review, which we restate as follows:

1. Whether the trial court erred in permitting Officer Garrett to testify as an expert.

2. Whether the evidence was sufficient to support Hanson's conviction of obliterating identification marks on a handgun.

3. Whether the trial court properly refused to instruct the jury on Hanson's tendered instruction on involuntary possession.

### FACTS AND PROCEDURAL HISTORY

On July 5, 1997, Hanson and his wife, Debra, had an altercation during which he became physically abusive. Debra took the children and went to the women's shelter. Shelter employees called the police. Mrs. Hanson spoke with Officer Denny, volunteering information about crack cocaine that her husband had ready to sell stored in the top right drawer of the bedroom dresser in their home. She signed a consent to search form and arranged for the police to have a key to enter the house.

Upon searching the Hanson residence, Anderson police officers found the following in the top right bedroom dresser drawer: a rock of cocaine in a plastic baggy, two small razor blades, one with cocaine on it, a box of .380 handgun ammunition, and a portable weigh scale. In the bedroom closet, they found a loaded Davis Industries 380 Semi-automatic, a Model P380 handgun with a five-round magazine containing four rounds, three other guns, and a bowie knife.

The police arrested Allan Hanson, who waived his rights and agreed to talk to police. When told of the cocaine recovered, Hanson denied owning it. However, when told about the handgun recovered, he acknowledged he knew it was there but said he had found it two years ago in an alley and now felt like it was his own.

The State charged Hanson with possession of cocaine within 1000 feet of a school, a Class B felony; obliterating identification marks on a firearm, a Class C felony; and battery, a Class A misdemeanor. During trial, Hanson claimed he had never seen the P380 handgun discovered by police in his bedroom closet; however, he said he had previously found a different handgun that disappeared six months prior to his arrest. The jury convicted Hanson for possession of cocaine and possession of a handgun with obliterated identification marks. The court sentenced him to twenty years for possessing cocaine and eight years for possessing a handgun with obliterated identification marks, to be served consecutively.

### DISCUSSION AND DECISION

#### I. Testimony of an Expert

Hanson first argues that the trial court erred in permitting Officer Garrett to testify as an expert witness and to give his opinion that the serial number on the P380 handgun found in Hanson's closet had been filed off and obliterated. We disagree.

Ind. Evidence Rule 702 states that an individual may be qualified as an expert by knowledge, skill, experience, training, or education, and may testify in the form of an opinion where specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue. We will not disturb a trial court's determination that a witness is qualified to testify as an expert absent an abuse of discretion. *Burkett v. State*, 691 N.E.2d 1241, 1245 (Ind.App.Ct. 1998), *reh'g denied, trans. denied.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

Officer Garrett testified that he was a certified firearms instructor and a certified range instructor. He also testified that he works in maintenance and repair at the Anderson Police Department, that he has been trained in the identification of different makes and models of firearms, that he has worked on one hundred weapons, and that he has handled over one thousand weapons, including the Davis Industries P380 handguns. Finally, Officer Garrett testified that he had educated himself specifically as to the Davis Industries handgun. The trial court did not abuse its discretion in determining that this constitutes a sufficient foundation for Officer Garrett to testify as an expert witness in the field of firearms manufacturer and serial numbers.

Furthermore, Officer Garrett could also qualify as a "skilled witness," a person whose testimony may be helpful to the trier of fact. The admission of opinion testimony is within the discretion of the trial court. *Kent v. State*, 675 N.E.2d 332, 338 (Ind.1996). Under Evid. R. 701, a lay person or skilled witness may testify as to opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. *Mariscal v. State*, 687 N.E.2d 378, 380 (Ind. App.Ct.1997), *reh'g denied, trans. denied.* The requirement that the opinion be "rationally based" on perception "means simply that the opinion must be one that a reasonable person normally could form from the perceived facts." *Id.* The requirement that the opinion be "helpful" means, in part, that the testimony gives substance to facts which are difficult to articulate. *Id.*

The testimony of Officer Garrett was rationally based on his general experience, training, and handling of firearms. It was also based on his assessing the Davis Industries P380 handgun, his consultation of the book on Davis Industries weapons, and, most importantly, his viewing of the P380 handgun found in Hanson's bedroom. His testimony conveyed to the jury four facts helpful to determining the issue as to whether the serial numbers had been obliterated, including: (1) all handguns manufactured after 1968 were required to have serial numbers; (2) no handguns had the serial numbers stamped inside them after 1985 to facilitate police identification of them; (3) the P380 handgun was first manufactured by Davis Industries in 1985; and, most significantly, (4) based on Officer Garrett's examination of another P380, the serial numbers on Hanson's gun were placed on the handle at the location where both he and Officers Cheever and Chamberlain saw the filing marks. Thus, the testimony was rationally based on Officer Garrett's perception and helped to determine the fact in issue as to whether the serial numbers had been obliterated. As such, it was properly admitted as opinion testimony.

## II. Sufficiency of the Evidence

When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Walker v. State*, 678 N.E.2d 402, 403 (Ind.Ct. App.1997). We will consider only the evidence most favorable to the verdict, along with inferences therefrom. *Id.* Conviction will be overturned only if no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Stewart v. State*, 688 N.E.2d 1254, 1257 (Ind.1997).

Ind.Code § 35–47–2–18(2) provides:

No person shall possess any handgun on which the name of the maker, model, manufacturer's serial number, or other mark of identification has been changed, altered,

removed or obliterated; except as provided by applicable United States statute.

■ Testimony by apprehending police officers that the handgun was found with the appellant's belongings and that the serial number had been scratched off is sufficient to convict for possession of a handgun with an obliterated serial number. *McKeller v. State*, 620 N.E.2d 744, 746 (Ind.Ct.App.1993). Here, the State presented Hanson's admission that he knew the P380 handgun was in his residence and that the serial numbers were ground off. Further, the police stated that they found the .380 ammunition in Hanson's bedroom dresser drawer beside his cocaine and the .380 handgun in the closet of the same bedroom. Finally, Officers Garrett, Cheever, and Chamberlain confirmed the obliteration of the gun's serial numbers in their testimony. This is sufficient evidence to support Hanson's conviction.

### III. Involuntary Possession Instruction

■ Instruction of the jury is left to the sound judgment of the trial court and will not be disturbed absent an abuse of discretion. *Thrash v. State*, 690 N.E.2d 355, 357 (Ind.Ct.App.1998). Upon review of the trial court's denial of a proposed instruction, this court determines: 1) whether the instruction is supported by the evidence in the record; 2) whether the instruction correctly states the law; and 3) whether other instructions adequately cover the substance of the denied instruction. *Id.* On a defense instruction, the defendant is entitled to the instruction if it has some foundation in the evidence, even if the defense is weak. *Davis v. State*, 691 N.E.2d 1285, 1289 (Ind.Ct.App.1998).

The appellant offered an instruction paralleling Indiana Code § 35–41–2–1, which states:

If possession of property constitutes any part of the prohibited conduct, it is a defense that the person who possessed the property was not aware of his possession for a time sufficient for him to have terminated his possession.

■ It is well-established that possession of property may be actual or construc-

tive. *State v. Hill*, 688 N.E.2d 1280, 1282 (Ind.App.Ct.1996). Ind.Code § 35–41–2–1 provides a defense for those unwittingly duped into possession because illegal items have been planted on their person or hidden on their property without their knowledge. *McClendon v. State*, 671 N.E.2d 486, 488. (Ind.App.Ct.1996). At trial, Hanson argued that he had never seen the P380 handgun with obliterated serial numbers, that he had found a handgun that was not the P380 at issue, and that he had subsequently lost it.[1] However, two police officers testified that, when interrogated, Hanson admitted knowledge and possession of the P380 handgun with obliterated serial numbers, stating that he had found the gun two years before in an alley. Where the evidence or inferences drawn therefrom indicate the possessor took affirmative action to acquire the property, it defies logic to allow him to assert at the same time that he was an involuntary possessor. *Fyock v. State*, 436 N.E.2d 1089, 1096. (Ind. 1982). It was not an abuse of discretion for the trial court to find that the evidence did not present a foundation for the tendered instruction.

■ Even if it were error to omit the instruction, it was harmless because the instruction requested by Hanson was already covered by other instructions. In preliminary instructions, the trial court instructed the jury that Hanson was charged with knowing possession of a handgun on which the manufacturing serial number had been removed. The trial court also described constructive possession as possession in which the accused has actual knowledge of the presence of the item and it defined "knowingly." The jury was also instructed as to the burden of proof and the requirement that all elements of the crime described must be proven. Therefore, the jury was adequately instructed.

### CONCLUSION

The trial court did not err in permitting Officer Garrett to testify as an expert witness. Furthermore, the evidence was sufficient to support Hanson's conviction of obli-

---

1. His statement varied as to whether he lost the gun 1½ years ago or 6 months ago.

terating identification marks on a handgun. Finally, it was not an abuse of discretion for the court to refuse to instruct the jury on involuntary possession.

Affirmed.

STATON and BROOK, JJ., concur.