## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 16 2018, 10:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Justin L. Froedge
Goebel Law Office
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Guajardo,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 16, 2018

Court of Appeals Case No.
54A01-1711-CR-2749

Appeal from the Montgomery Superior Court

The Honorable Heather Barajas, Judge

Trial Court Cause No.
54D01-1610-F6-2797

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, John Guajardo was convicted of two counts of battery by an adult against a child, both as Level 6 felonies. The trial court sentenced Guajardo to an aggregate term of five years in the Indiana Department of Correction. On appeal, Guajardo challenges the sufficiency of the evidence supporting his convictions and his sentence. Concluding that the evidence produced at trial supports Guajardo's convictions and that his sentence is not inappropriate in light of the nature of his offenses and his character, we affirm.

# Facts and Procedural History

[2] In the late summer of 2016, eleven-year-old H.J. and her mother C.J. planned to move to Crawfordsville to be closer to family and so that C.J. could continue her education and work. H.J. was to attend middle school in Crawfordsville as well. In order to facilitate H.J.'s school attendance before their actual move, C.J. arranged for H.J. to stay with H.J.'s aunt, C.C., in Crawfordsville. C.C.'s twenty-six-year-old boyfriend, Guajardo, and the couple's six-year-old son also lived in the household. H.J. was close with her aunt C.C. and with Guajardo, who she called uncle. H.J. trusted Guajardo.

[3] When she stayed with C.C. and Guajardo, H.J. slept on one of two couches in the living room. On August 31, 2016, H.J. was awakened around 4:35 a.m. by the slamming of a door. Guajardo and a female friend entered the living room. Guajardo initially sat on the living room's unoccupied couch. The female

friend went into C.C.'s bedroom and closed the door. Guajardo moved to the edge of the couch occupied by H.J., lifted her legs, and placed her legs over his lap. Guajardo touched H.J.'s inner thighs and buttocks for between twenty and thirty minutes. H.J. felt uncomfortable and confused when Guajardo touched her in this manner. H.J. attempted to move away from Guajardo. Guajardo ceased touching H.J. when C.C. came out of her bedroom and entered the living room.

[4] H.J. attended school on September 1, 2016, as scheduled. At bedtime that evening, H.J. felt scared, uncomfortable, and confused. H.J. went to bed again on the living room couch. Although she attempted to stay awake the entire night, H.J. fell asleep and was again awoken between 4:00 a.m. and 5:00 a.m. by the slamming of a door. Guajardo and the same female friend entered the living room, where Guajardo sat on the unoccupied couch. As soon as the friend went into C.C.'s bedroom, Guajardo sat on the edge of the couch where H.J. slept. Guajardo again lifted and placed H.J.'s legs on his lap. Guajardo touched H.J.'s thighs and buttocks. Guajardo also placed his hand under H.J.'s shirt and attempted to feel under her bra but was only successful in touching her chest on her bra line. H.J. tried to move away from Guajardo by forcing her body into the crevices of the sofa. When C.C.'s bedroom door opened, Guajardo moved over to the other couch.

[5] H.J. feigned illness later that day so that her mother would retrieve her. After sleeping a few hours, H.J. reported Guajardo's actions to her mother, who

contacted the authorities. The State charged Guajardo with two counts of Level 6 battery by an adult on a child under the age of fourteen.

[6] At a jury trial that took place on August 22, 2017, H.J. testified regarding the details of the offenses. Guajardo's trial counsel cross-examined H.J. about her vivid imagination, her habit of viewing crime-related television shows, her desire to spend less time away from her mother, and about the fact that she experienced nightmares. During his own testimony, Guajardo denied sitting on the couch where H.J. slept and denied making contact with her clothing or body. According to Guajardo, he may have placed a blanket on H.J. while she slept but there could have been no misunderstanding about his actions on either night. The jury found Guajardo guilty of both offenses. The trial court scheduled Guajardo's sentencing hearing for September 29, 2017.

[7] A pre-sentence investigation report ("PSI") was prepared and filed with the trial court in advance of Guajardo's sentencing. Guajardo appeared at his September 29, 2017, sentencing hearing under the influence of methamphetamines. The trial court found him in contempt of court and ordered him to serve thirty days in the county jail. Guajardo's second sentencing hearing was held on October 26, 2017. Guajardo's juvenile criminal history consisted of a referral for reckless possession of paraphernalia and adjudications for trespass, mischief, possession of marijuana, resisting law enforcement, and illegal consumption. Guajardo had two instances of runaway. Guajardo had received a referral to the Teen Court and the Parent Project, but he did not complete the Parent Project. Guajardo also received

probation for the true-findings which he violated and did not complete successfully. As an adult, Guajardo had convictions in 2008 for theft and burglary of a vehicle in the state of Utah for which he received twelve months of probation. In 2008, Guajardo was also convicted of possession of marijuana and illegal possession of alcohol. Guajardo had an additional conviction for illegal possession of alcohol. Guajardo's work history consisted of two years of part-time service at a fast food restaurant and another three months of employment at another business prior to being held in contempt of court in this matter. At his sentencing hearing, Guajardo expressed his willingness to participate in substance abuse treatment and spoke about his ability to comply with the requirements of any probation that he was granted. After apologizing for "what has happened," "everything I have caused," "[a]ll the damage," "my actions," and for giving H.J. nightmares, Guajardo admitted in response to questioning by the prosecutor that he had touched H.J. inappropriately. Transcript at 161, 163-64.

[8] The trial court found as aggravating circumstances that Guajardo had been in a position of trust with H.J., two separate offenses occurred, H.J. was under the age of twelve, H.J. had incurred a great deal of emotional harm, Guajardo had attended his first sentencing hearing under the influence of methamphetamines, Guajardo had exhibited a low level of remorse, and Guajardo had been sober when he committed the offenses. The trial court found as a mitigating circumstance that Guajardo had a young son who would be negatively impacted by Guajardo's incarceration. The trial court found that the

aggravating circumstances significantly outweighed the mitigating circumstance. The trial court sentenced Guajardo to two and one-half years for each conviction, to be served consecutively. Guajardo now appeals his convictions and his sentence.

# Discussion and Decision

## I. Sufficiency of Evidence

### A. Standard of Review

[9] Guajardo first contends the evidence was insufficient to support his two convictions for battery by an adult against a child. "Sufficiency-of-the-evidence claims face a steep standard of review: we consider only the evidence and reasonable inferences most favorable to the convictions, neither reweighing evidence nor reassessing witness credibility." *Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016). The reviewing court affirms the judgment unless no reasonable factfinder could find the defendant guilty. *Id*. "We may, and ordinarily do, uphold findings of guilt beyond a reasonable doubt supported only by the uncorroborated testimony of a single witness, even the victim's." *C.S. v. State*, 71 N.E.3d 848, 851 (Ind. Ct. App. 2017).

### B. Evidence of Battery

[10] Level 6 felony battery by an adult against a child is committed when a person eighteen years of age or older knowingly or intentionally touches another person less than fourteen years of age in a rude, insolent, or angry manner. Ind.

Code § 35-42-2-1(c), (e)(3). The evidence at trial showed that H.J. was eleven years old and Guajardo was twenty-six years old when the offenses occurred. H.J. testified that on August 31, 2017, Guajardo touched her inner thigh and buttocks for twenty to thirty minutes, causing her to feel discomfort and confusion such that she tried to move away from him. She also testified that on September 1, 2017, Guajardo touched her thighs, buttocks, and her chest, scaring H.J. and causing H.J. discomfort such that she tried to evade Guajardo by squirming into the crevices of the couch. The jury could have reasonably concluded from this evidence that Guajardo touched H.J. in a rude or insolent manner on the dates in question.

[11] On appeal, Guajardo argues that this evidence was insufficient to show that a crime had been committed or that it was he who committed the offenses. Appellant's Brief at 11. We disagree. H.J. identified Guajardo as the person who touched her on two successive days, causing her discomfort. This was substantial, probative evidence of Guajardo's guilt sufficient to uphold the jury's verdict. *See C.S.*, 71 N.E.3d at 851.

[12] Guajardo acknowledges our standard of review and assures us that he does not request that we reweigh the evidence, *see* Appellant's Br. at 8-9, but he then goes on to draw our attention to evidence that does not support the jury's verdict and to what he contends are inconsistencies in H.J.'s testimony. Guajardo does not argue on appeal that H.J.'s testimony was incredibly dubious. Rather, Guajardo asks us to distinguish the facts of this this case from *Walker v. State*, 678 N.E.2d 402 (Ind. Ct. App. 1997). Appellant's Br. at 9. We find that we

cannot make such a distinction, as another panel of this court found that the uncorroborated testimony of Walker's victim was sufficient to sustain his rape conviction. *Id*. at 404. The fact that the *Walker* panel went on to note the presence of other, corroborating evidence in the record does not alter its conclusion that the victim's testimony alone was sufficient to uphold the conviction. The second case cited by Guajardo in this section of his argument, *Vest v. State*, 621 N.E.2d 1094 (Ind. 1993), is distinguishable, however, as the victim in that case did not testify at trial. *Id*. at 1096.

Here, the jury was presented with two squarely different versions of the events at issue. The jury resolved the conflict between those two versions in favor of H.J. Given our standard of review, we must uphold the jury's verdict. *Griffith*, 59 N.E.3d at 958.

# II.  Sentencing[1]

## A.  Standard of Review

Although Guajardo briefly contends that the trial court abused its discretion by overlooking what he argues were mitigating factors supported by the record, on appeal he cites only to the standard of review for assessing the

---

[1] We decline to find waiver of Guajardo's sentencing claim for his failure to include his PSI in his Appellant's Appendix as urged by the State. Appellee's Brief at 14-15. Although the PSI should have been included in Appellant's Appendix pursuant to Indiana Appellate Rule 50(B), we do not find that our review in this case was materially impaired by its absence since the trial court summarized Guajardo's criminal record on the record at his sentencing hearing.

inappropriateness of his sentence. Appellant's Br. at 11, 14-15. Thus, we find that his sentencing claim is a request to determine if his sentence is inappropriate given the nature of his offenses and his character and address it as such.

[15] "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The burden is on the defendant to persuade us his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Though we exercise our independent judgment in assessing an inappropriate sentence claim, sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015). We may look to any factors appearing in the record in examining the nature of the offense and the character of the offender. *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009), *trans. denied*. "Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Hines*, 30 N.E.3d at 1225 (citation omitted).

## B. Inappropriate Sentence

[16] Guajardo was found guilty of two Level 6 felonies. The sentencing range for a Level 6 felony is six months to two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7(b). The trial court sentenced Guajardo to two and one-half years for each conviction, to be served consecutively. Therefore, Guajardo received the maximum possible sentence for his convictions.

[17] Concerning the nature of Guajardo's offenses, we find it significant that Guajardo was in a position of trust with H.J. when he committed the offenses. H.J. knew and trusted Guajardo, who she considered to be her uncle. H.J. was placed in Guajardo's care so that H.J.'s mother could work and further her education. Guajardo used this position of trust to gain access to H.J. to commit the offenses while H.J. was in the vulnerable position of attempting to sleep. We note that H.J. was eleven years old at the time of the offense, which was younger than necessary to have proven the offense. We further note that these offenses were not brief lapses in judgment on Guajardo's part. The August 31 offense went on for up to thirty minutes, and on both occasions, Guajardo only ceased touching H.J. because someone interrupted him. Guajardo's conduct escalated between the offenses, as he also touched H.J. under her clothing during the second offense. On appeal, Guajardo offers no argument that his sentence is inappropriate in light of the nature of his offenses. Thus, we find that Guajardo has failed to meet his burden of persuasion on appeal regarding the nature of his offenses. *Childress*, 848 N.E.2d at 1080.

[18]     As to the character of the offender, Guajardo has a criminal record consisting of both juvenile and adult offenses.  As a juvenile, Guajardo had a referral for reckless possession of paraphernalia, had adjudications for trespass, mischief, possession of marijuana, resisting law enforcement, illegal consumption, and had two instances of runaway.  As an adult, Guajardo was convicted of theft and burglary of a vehicle, both in Utah.  Guajardo also had convictions for marijuana and alcohol offenses.  Guajardo received probation in the past which he violated, which undercuts his argument on appeal that he was a good candidate for probation.  Although Guajardo argues on appeal that he had led a law-abiding life for a significant period of time prior to the instant offenses, the fact that he appeared for his first sentencing hearing under the influence of methamphetamines shows that he was not, in fact, a law-abiding citizen despite his lack of criminal convictions for the prior eight years.  Furthermore, the record is devoid of evidence that Guajardo sought any treatment on his own for his substance abuse issues.  In addition, we find that Guajardo's halting and incomplete apologies at his sentencing hearing indicate that his remorse for his actions is not profound.  In short, we find nothing about the nature of Guajardo's offenses or his character renders the sentence imposed by the trial court inappropriate.

# Conclusion

[19]     Given the substantial evidence supporting Guajardo's convictions, we affirm the jury's verdicts.  In light of our independent review of the nature of

Guajardo's offenses and the nature of his character, we hold that his five-year aggregate sentence is not inappropriate, and the judgment of the trial court is also affirmed.

[20] Affirmed.

Najam, J., and Altice, J., concur.