Martin UPP, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0309–CR–479.

Court of Appeals of Indiana.

May 19, 2004.

Timothy J. Burns, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Martin J. Upp ("Appellant") appeals his convictions of glue sniffing, a Class B misdemeanor, Ind. Code § 35–46–6–2; and public intoxication, a Class B misdemeanor, Ind.Code § 7.1–5–1–3.

The facts most favorable to the trial court's decision reveal that on April 10, 2002, Indianapolis Police Officer Jason Rice ("Officer Rice") responded to a report of a white male dressed in a black coat, carrying a knife, kneeling, and breathing into a bag. Upon his arrival at the scene, Officer Rice observed Appellant, who was wearing a black coat, kneeling and breathing into a bag. As Officer Rice approached, Appellant stood up and placed the bag inside his pocket. When asked about the knife, Appellant pulled it from his pocket and threw it to the ground. As Officer Rice patted down Appellant he felt what he believed to be a bottle of glue in Appellant's pocket. Officer Rice reached into Appellant's pocket and removed a half-empty tube of glue. Officer Rice also removed the brown plastic bag. Officer Rice noticed that there was glue residue inside the bag. Officer Rice handcuffed Appellant and searched another bag Appellant had in his possession. In the bag were nine more vials of glue. The vials of the glue tested positive for Toluene.

Officer Rice further testified that Appellant's legs were shaking, the pupils of his eyes were constricted, and that Appellant had mucus running down his nose. Ac-

cording to Rice, Appellant had a dazed expression about him, and he appeared to be unaware of what was going on.

Appellant's bench trial was held on August 18, 2003. The trial court found Appellant guilty of glue sniffing and public intoxication. The trial court sentenced Appellant to 180 days, with 174 days suspended, with credit for six days for his incarceration in the Marion County Jail for glue sniffing. The trial court ordered Appellant's sentence for public intoxication to be served concurrently with his sentence for glue sniffing. This appeal ensued.[1]

■ Appellant argues that the evidence is insufficient to support either of his convictions. The State concedes that the evidence is insufficient to support Appellant's conviction for public intoxication. Appellant mistakenly was charged under a prior version of Ind.Code § 7.1–5–1–3. The version of the statute in effect at the time of the offense required the person's intoxication to be caused by the person's use of alcohol or a controlled substance as defined by Ind.Code § 35–48–1–9. In the present case, the cause of Appellant's intoxication was from sniffing glue. There was no evidence that his intoxication was the result of the use of alcohol or a controlled substance as defined by statute. Therefore, Appellant's conviction of public intoxication is reversed.

■ In order to convict Appellant of glue sniffing, the State had to prove that Appellant, with the intent to cause a condition of intoxication, euphoria, excitement, exhilaration, stupefaction, or dulling of the senses, ingested or inhaled the fumes of model glue, or a substance that contains Toluene. Ind.Code § 35–46–6–2.

Our standard for reviewing a claim of sufficiency of the evidence is well settled. We do not reweigh the evidence or judge the credibility of witnesses. *Vasquez v. State*, 741 N.E.2d 1214, 1216 (Ind.2001). We look to the evidence and the reasonable inferences therefrom that support the verdict and will affirm a conviction if evidence of probative value exists from which a jury or judge could find the defendant guilty beyond a reasonable doubt. *Id.*

Appellant argues that the evidence is insufficient to support his conviction because Officer Rice never testified that he observed Appellant squeeze glue into the brown bag, and that the bag was never tested by the State's expert witness. Further, Appellant argues that the evidence is insufficient to support his conviction because there was no evidence of Appellant's impairment.

The evidence showed that Officer Rice observed Appellant breathing into a bag, that the bag contained what Officer Rice believed was the residue of glue, and that the strong odor of glue was emanating from the bag. Appellant was in possession of a partial tube of glue and nine more tubes of glue, which later tested positive for Toluene. Although the bag was not tested, persons experienced in the area may be able to identify cigarette smoke, marijuana, and even Toluene. *See id.* at 1216–1217. This is true even though chemical analysis is perhaps the best way to establish the identity of a compound. *Id.* The evidence is sufficient to support the inference that the bag into which Appellant was breathing contained glue.

The State produced evidence that Appellant had a dazed expression about him, that Appellant's pupils were constricted, that Appellant's legs were shaking, that he

---

1. This court has received some correspondence from Appellant since the filing of his appeal. It is not clear from the correspon-

dence what response the Appellant desires. We conclude that our decision addresses all concerns raised in the correspondence.

had mucus coming from his nose, and that it appeared that Appellant was unaware of what was going on. Further, Officer Rice testified that based upon his experience and training he believed that Appellant was intoxicated. There was sufficient evidence to support the trial court's conclusion that Appellant was impaired. *See id.* (Defendant convicted of glue sniffing appeared to be disoriented, non-responsive, off-balance, and thick-tongued when answering door for police).

The evidence is sufficient to support the trial court's conclusion that Appellant inhaled model glue with the intent to cause intoxication, stupefaction, or dulling of the senses.

Reversed in part and affirmed in part. Remanded for expungement of Appellant's conviction of public intoxication.

KIRSCH, C.J., and BARNES.J., concur.