# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**TIMOTHY J. O'CONNOR**
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

FILED
Dec 07 2012, 10:34 am

CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VERDYER CLARK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1202-CR-66 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Richard D. Sallee, Judge
The Honorable Teresa Hall, Commissioner
Cause No. 49G16-1003-FD-18840

**December 7, 2012**

**OPINION – FOR PUBLICATION**

**MAY, JUDGE**

Verdyer Clark was convicted of battery as a Class D felony pursuant to a statute that required the State to prove the battery caused injury to a person less than fourteen years old and was committed by a person at least eighteen years old.[1] Clark argues the State did not prove its case because the only evidence it offered to prove he was over eighteen at the time of the crime was inadmissible hearsay. We reverse and remand so that the State may decide whether to retry Clark.

## FACTS[2] AND PROCEDURAL HISTORY[3]

On March 9, 2012, Deanna Drain left her infant at home in Clark's care while she went to retrieve another child from daycare. When she returned home, she noticed redness in the child's eyes and took him to a hospital. The child's face looked swollen and red near the temples.

A hospital staff member referred the matter to a social worker for investigation of possible child abuse, and the social worker and a police detective interviewed Drain. The detective learned there was an active arrest warrant for Clark from a traffic offense and went to Drain's apartment at about 2:30 in the morning to speak with Clark. The detective arrested Clark on the outstanding warrant and took Clark to the police station, where he interrogated

---

[1] Ind. Code § 35-42-2-1(a)(2)(B).

[2] We remind counsel that a Statement of Facts in an appellate brief "shall describe the facts *relevant to the issues presented for review*." Ind. Appellate Rule 46 (emphasis added). The Statements of Facts both counsel offer describe in detail the circumstances of Clark's offense and his arrest, but both are devoid of any facts relevant to the only issue Clark presents for our review.

[3] We heard oral argument October 9, 2012, in the Randall T. Shepard courtroom in Evansville. We thank the Evansville Bar Association for its hospitality and commend counsel on the quality of their oral advocacy.

Clark for four hours.

The State charged Clark with battery as a Class D felony pursuant to Ind. Code § 35-42-2-1(a)(2)(B), which required the State to prove the battery resulted in bodily injury to a person less than fourteen years of age and was "committed by a person at least eighteen (18) years of age." *Id*. As evidence of Clark's age, the State offered two documents prepared by the social worker who had interviewed Drain, which documents the State included in an exhibit containing the child's medical records. One document, "Preliminary Report of Alleged Child Abuse or Neglect," lists Clark as "Other Person Responsible for Child(ren)" and shows his age as twenty-three. (Confidential Ex. Vol. at 31.) The other document, "Social Work ED Assessment Plan Final Report," includes in its narrative the statement "Mother has a boyfriend of 9 months Verdyer Clark age 23." (*Id*. at 45.) Clark was convicted after a bench trial.

## DISCUSSION AND DECISION

Clark correctly argues the only evidence of one of the elements of the offense, his age, was inadmissible hearsay. On a challenge to the sufficiency of evidence to support a conviction, a reviewing court does not reweigh the evidence or judge the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We consider only the probative evidence and reasonable inferences supporting the conviction. *Id*. We must affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id*.

1.      <u>Waiver</u>

The State argues Clark waived his hearsay argument for appeal because he did not object at trial on the same ground he now asserts on appeal[4] and because he withdrew his trial objection to the evidence he now challenges. Clark made an adequate hearsay objection, and it was not withdrawn.

When the State told the court it planned to offer into evidence the exhibit including the child's medical records ("Exhibit Ten"), this discussion followed:

> [Clark's Counsel]: I have a preliminary question. Were these written by the doctor who will be testifying?
> [State]: No.
> [Clark's Counsel]: I object.
> [State]: I believe part of them are but they are certified medical records with proper certification. They're certified business records.
> [Clark's Counsel]: I'd object under [Bullcoming v. New Mexico, 564 U.S. __, 131 S.Ct. 2705 (2011)], about the sixth amendment right to confront, and cross examine the person who actually created these reports.[5] This looks like this will be testimonial on hearsay, and used to prove the truth of the matter asserted.
> The Court: You do realize the Indiana Supreme Court medical [sic] records do not fall under that case?
> [Clark's Counsel]: In that instance, we have no objection.

---

[4] Before the trial court, the State argued the documents in the exhibit were "certified business records." (Tr. at 46.) As explained below, the State appears to be making a different argument on appeal, *i.e.* that the statements by the social worker were admissible under Evidence Rule 803(4). It does not make a "certified business records" argument. We decline to hold Clark waived the arguments he now makes on appeal because he did not object below on certified business record grounds, an issue that is itself not before us on appeal.

[5] The *Bullcoming* Court held the Confrontation Clause does not permit the prosecution

> to introduce a forensic laboratory report containing a testimonial certification -- made for the purpose of proving a particular fact -- through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported in the certification. . . . The accused's right is to be confronted with the analyst who made the certification, unless that analyst is unavailable at trial, and the accused had an opportunity, pretrial, to cross-examine that particular scientist.

564 U.S. at __, 131 S. Ct. at 2710.

4

> The Court: Alright. I will note your objection. I will overrule your objection to the medical records, as long as they are properly certified business records, [sic] will be admitted. I'll need to see that before I can make that determination.
> [State]: Yes.
> The Court: State's Exhibit 10 will be admitted, with the notes [sic] objection from the defense. I have overruled that objection. I feel these medical records falls [sic] in exception to the confrontation clause, as dictated by case law.

(Tr. at 46-7) (footnote added).

The State correctly notes a defendant may not argue one ground for objection at trial and then raise new grounds on appeal, *Turner v. State*, 953 N.E.2d 1039, 1058 (Ind. 2011), and it asserts Clark "now argues a different basis for his objection [presumably hearsay] than that which animated his first objection [presumably a confrontation clause violation]." (Br. of Appellee at 6.)

We agree with Clark that a "hearsay objection is certainly there, if inartful." (Appellant's Reply Br. at 2.) Immediately after the reference to *Bullcoming*, trial counsel said: "This looks like this will be testimonial on hearsay, and used to prove the truth of the matter asserted." (Tr. at 46.) The State does not address the significance of this statement, or even acknowledge Clark's counsel made it.

Not only did Clark's counsel explicitly mention hearsay, there is a close relationship between hearsay and confrontation: "*Crawford* [*v. Washington,* 541 U.S. 36 (2004),] makes clear that in a criminal prosecution any hearsay permitted under the rules of evidence is also subject to the defendant's right 'to be confronted with the witnesses against him' under the Sixth Amendment to the United States Constitution." *Hammon v. State,* 829 N.E.2d 444, 449

5

(Ind. 2005), *rev'd and remanded on other grounds by Davis v. Washington,* 547 U.S. 813, 824 (2006).  The Confrontation Clause applies only to testimonial hearsay.  *Davis,* 547 U.S. at 824.  Hearsay rules and the Confrontation Clause are "generally designed to protect similar values" and they "stem from the same roots."  *White v. Illinois,* 502 U.S. 346, 353 (1992). Clark did not waive his hearsay argument.

The State next argues Clark withdrew the objection.  When the trial court told Clark's counsel: "You do realize the Indiana Supreme Court medical [sic] records do not fall under [*Bullcoming*]," counsel replied: "In that instance, we have no objection."  (Tr. at 46.)  But it is apparent the trial court did not consider the objection withdrawn, as it made a ruling:

> Alright.  I will note your objection.  *I will overrule your objection to the medical records*, as long as they are properly certified business records, [sic] will be admitted.  I'll need to see that before I can make that determination. . . . State's Exhibit 10 will be admitted, *with the notes* [sic] *objection from the defense.  I have overruled that objection*.

(*Id.*) (emphasis added).  The State does not address the significance of, or even acknowledge, those statements by the trial court.  Nor does it explain how or why an objection no longer before the trial court may be overruled.

Because Clark objected and the court explicitly ruled on the objection, we decline the State's invitation to hold Clark has lost his opportunity to argue his case on appeal because his objection was withdrawn.

    2.    The Hearsay Exception

A trial court exercises broad discretion in ruling on the admissibility of evidence, and an appellate court should disturb its rulings only where it is shown that the court abused its

discretion. *Camm v. State*, 908 N.E.2d 215, 225 (Ind. 2009). In deciding whether to admit an out-of-court statement, a trial court must answer two preliminary questions: Is the statement hearsay, and, if so, does an exception apply? *Id.* at 226.

The evidence of Clark's age is found in two documents prepared by a social worker and offered by the State at trial as part of the child's medical records. One document, "Preliminary Report of Alleged Child Abuse or Neglect," lists Clark as "Other Person Responsible for Child(ren)" and shows his age as twenty-three. (Confidential Ex. Vol. at 31.) The other document, "Social Work ED Assessment Plan Final Report," includes in its narrative "Mother has a boyfriend of 9 months Verdyer Clark age 23." (*Id.* at 45.) There is no indication where the social worker obtained her information about Clark's age.

Those statements were inadmissible hearsay. The statements were hearsay, as they were made by the social worker, a person who did not testify at trial[6], and they were offered to prove the truth of the matter asserted, *i.e.*, Clark's age. *See, e.g.*, *Patton v. State*, 725 N.E.2d 462, 464 (Ind. Ct. App. 2000) ("Ind. Evidence Rule 801(c) provides us with the definition of hearsay as an out-of-court statement offered in court to prove the truth of the matter asserted in the statement.").

---

[6] We acknowledge much of the information the social worker relied on came from Mother, who did testify at trial. But the social worker's narrative does not indicate the information about Clark's age was obtained from Mother, nor does it indicate what other sources of information might have been available to the social worker. Thus we decline to address the State's suggestion at oral argument that the social worker's report was admissible because Mother gave information to the social worker in order to obtain proper diagnosis or treatment for her infant.

The State does not argue the statements were not hearsay, but argues the statements by the social worker were admissible under Evidence Rule 803(4):

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness . . . **(4) Statements for Purposes of Medical Diagnosis or Treatment.** Statements made *by persons who are seeking medical diagnosis or treatment* and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof *insofar as reasonably pertinent to diagnosis or treatment*.

(Emphasis added.) As the social worker was not a person "seeking medical diagnosis or treatment," this hearsay exception is, by its own terms, inapplicable. Nor does the underlying rationale for the exception support its application in the case before us. "The underlying rationale for this hearsay exception requires a two-step analysis for evaluating whether a statement is properly admitted pursuant to Evid. R. 803(4): 1) is *the declarant* motivated to provide truthful information *in order to promote diagnosis and treatment*; and 2) is the content of the statement *such that an expert in the field would reasonably rely on it in rendering diagnosis or treatment*." *McClain v. State*, 675 N.E.2d 329, 331 (Ind. 1996) (emphasis added).

*The McClain* Court further explained: "to satisfy the requirement of the declarant's motivation, the *declarant* must subjectively believe that he was making the statement *for the purpose of receiving medical diagnosis or treatment*." *Id*. (emphasis added). If in the case

8

before us the social worker is the "declarant,"[7] it is not apparent she could have been making the statement about Clark's age "for the purpose of receiving medical diagnosis or treatment."

The State asserts the doctor who opined on the cause of the child's injuries "relied upon the information contained in the medical records to form her diagnosis," (Br. of Appellee at 7), so the social worker's statements were admissible under that rule. We have, under some circumstances, found the hearsay exception applicable to a statement by a social worker. But the rationale for so holding does not exist in this case, as in such decisions the "declarant" is a patient who is receiving treatment from a social worker. For example:

> Hearsay is admitted under this exception because the reliability of the out-of-court statement is assured based upon the belief that a declarant's self-interest in seeking medical treatment renders it unlikely the declarant will mislead the person that she wants to treat her. *Nash v. State,* 754 N.E.2d 1021, 1023 (Ind. Ct. App. 2001) [*trans. denied*]. If the declarant's statements are made to advance a medical diagnosis or treatment, Evidence Rule 803(4) encompasses statements made to non-physicians, including clinical social workers. *See In re Paternity of H.R.M.,* 864 N.E.2d 442, 446 (Ind. Ct. App. 2007) (finding that the rule applied to statements made to a clinical social worker specializing in working with abused children).

---

[7] The State does not, in its brief, explicitly say who the "declarant" is. But it is apparent the only declarations at issue are the two statements by the social worker that Clark was twenty-three. The State does not argue someone else might have been the "declarant" for purposes of the medical records exception.

The State argues the physician's testimony "makes clear that the information obtained by Lynn Young, the social worker, *and also by Detective McAllister*, was used to assist [the doctor] in coming to a diagnosis," so the records were admissible under the hearsay exception. (Br. of Appellee at 6) (emphasis added). Neither party directs us to anything in the record that suggests the detective made a statement about Clark's age. Nor does the State offer explanation why information about *Clark's* age might be relevant to a diagnosis of the *child's* injuries.

*State v. Velasquez*, 944 N.E.2d 34, 40 (Ind. Ct. App. 2011), *trans. granted, opinion vacated*, 950 N.E.2d 1208 (Ind. 2011), *order vacated and trans. denied*, 962 N.E.2d 637 (Ind. 2012), *trans. denied*, 963 N.E.2d 1120 (Ind. 2012).

In *Velasquez*, we noted that in order for statements to be admissible under Evidence Rule 803(4), they need not be in furtherance of diagnosis *and* treatment. Rather, the statements must be relied on either to render a diagnosis *or* provide treatment. *Id.* at 42. Nor is it required that the statement be made to the individual who ultimately will render a diagnosis or provide treatment. *Id.* It is necessary only that the statement is made to *promote* diagnosis or treatment. *Id.*

There, a clinical social worker specializing in sexual abuse and domestic violence testified a child molestation victim was referred to her for assessment and therapy. The purpose of the assessment was to determine "what the family's needs are, and what kind of services they might want." *Id.* We determined the testimony "clearly shows [the social worker's] purpose was to provide treatment for [the victim and her family]." *Id.* Thus, any statements made *by the victim* on which the social worker or another therapist "would have reasonably relied to provide treatment, including therapy," to the victim were admissible under Rule 803(4). *Id.*

We again addressed the necessary relevance of the statement to diagnosis or treatment in *Morse v. Davis,* 965 N.E.2d 148 (Ind. Ct. App. 2012), where Davis sued Dr. Morse for failure to diagnose colon cancer. Dr. Morse argued the trial court should have admitted into evidence a statement in a medical history questionnaire that Davis submitted to a different

doctor who treated him eight months after Dr. Morse provided treatment. Davis was asked to provide information about his mother's medical history by checking any applicable boxes corresponding to different diseases, including "cancer." *Id*. at 158. The questionnaire indicated Davis's mother was "ALIVE & WELL," and none of the other boxes pertaining to his mother's medical history are checked, including the box labeled "cancer." *Id.*

Dr. Morse wanted to introduce that exhibit into evidence to support his claim that Davis had not told him his mother had a history of colon cancer. Dr. Morse argued the exhibit was admissible under Rule 803(4). We determined the trial court properly excluded the exhibit:

> Davis sought medical treatment from Dr. Willden on the date in question for sinusitis, so his mother's medical history with respect to cancer, or lack thereof, was not "reasonably pertinent" to the diagnosis or treatment of Davis' ailment. Indeed, Dr. Morse did not elicit testimony from Dr. Willden that he had relied on that information when he treated Davis on that date.

965 N.E.2d at 159 (citation omitted).

Nor was evidence of Clark's age "reasonably pertinent" to the diagnosis or treatment of the infant victim. As information about Clark's age had no apparent relevance to a diagnosis of the child's injuries, the social worker's statements were not admissible under the Rule 803(4) hearsay exception.

### 3. Sufficiency of Evidence

The State has an obligation to prove every element of a charged crime. *See In re Winship,* 397 U.S. 358, 364 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute

11

the crime with which he is charged"); *Thurman v. State,* 793 N.E.2d 318, 321 (Ind. Ct. App. 2003) ("It is black letter law that the Due Process Clause of the Fourteenth Amendment requires that a conviction be supported by proof beyond a reasonable doubt of every element necessary to constitute the crime charged."). Where, as here, the General Assembly has chosen to include the age of the defendant as an element of a crime, the Due Process Clause of the Fourteenth Amendment requires the State to prove the defendant's age beyond a reasonable doubt. *Stewart v. State*, 866 N.E.2d 858, 863 (Ind. Ct. App. 2007).

Circumstantial testimonial evidence can be sufficient to prove age. *Altmeyer v. State,* 519 N.E.2d 138, 141 (Ind. 1988). For example, Altmeyer argued the State did not prove that he was at least sixteen years old at the time of his alleged offense, but his testimony that he was married and had an eleven-year-old son at the time of the offense was sufficient to establish he was over sixteen. *Id.* In the case before us, the State has not directed us to any circumstantial evidence that would permit such an inference regarding Clark's age.

As the only evidence the State offered to prove an element of Clark's offense was inadmissible hearsay, we must reverse Clark's conviction. Of course, this reversal does not prevent the State from retrying Clark. While a reversal for insufficient evidence bars retrial under the Double Jeopardy Clause, analyzing the evidence for these purposes includes consideration of the evidence improperly admitted. *Lockhart v. Nelson,* 488 U.S. 33, 41 (1988). As the whole of the evidence admitted at trial plainly sufficed to prove Clark's guilt of the charged offense, a second trial may be conducted. *See, e.g., Carr v. State*, 934 N.E.2d 1096, 1108 (Ind. 2010).

Reversed and remanded.

BAKER, J., and SHEPARD, Sr. J., concur.