# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**TIMOTHY J. O'CONNOR**
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 28 2013, 10:01 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VERDYER CLARK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1202-CR-66 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Richard D. Sallee, Judge
The Honorable Teresa Hall, Commissioner
Cause No. 49G16-1003-FD-18840

**February 28, 2013**

**OPINION ON REHEARING – FOR PUBLICATION**

**MAY, JUDGE**

The State petitions for rehearing in *Clark v. State*, 978 N.E.2d 1191 (Ind. Ct. App. 2012), where we reversed Clark's conviction of Class D felony battery. The State was required to prove, as an element of that offense, that Clark was eighteen or older when he battered a child younger than fourteen.

As evidence of his age, the State provided two documents from a social worker. One, "Preliminary Report of Alleged Child Abuse or Neglect," lists Clark as "Other Person Responsible for Child(ren)" and shows his age as twenty-three. *Id.* at 1193. The other document, "Social Work ED Assessment Plan Final Report," includes in its narrative the statement "Mother has a boyfriend of 9 months Verdyer Clark age 23." *Id.* The source of the social worker's information about Clark's age was not clear from the record.

The State argued on appeal that the hearsay statements by the social worker were admissible under Ind. Evidence Rule 803(4), as statements "made *by persons who are seeking medical diagnosis or treatment* and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof *insofar as reasonably pertinent to diagnosis or treatment.*" *Id.* at 1195-96 (emphasis added in *Clark*). We held the statements were not admissible under that hearsay exception, as the social worker was the declarant and she was not a person "seeking medical diagnosis or treatment." Nor was it apparent why evidence of *Clark's* age was "reasonably pertinent" to the diagnosis or treatment of the *infant victim*. *Id.* at 1197.

2

On rehearing, the State asserts we held "a social worker *would always be a declarant* in child abuse cases, even when the social worker is merely a scribe." (Appellee's Petition for Rehearing at 1) (emphasis added). It further asserts we held "the age of the perpetrator *is never pertinent to the medical diagnosis or treatment*." (*Id*. at i) (emphasis added). We grant rehearing to explicitly restate the limited holdings in that decision.

On rehearing, the State asserts it is "evident," (Appellee's Petition for Rehearing at 4), the information came from the victim's mother and the social worker "was merely the means by which information from Mother was recorded." We acknowledge the social worker's report did indicate the victim's mother was the source of some of the information she obtained. But the record is silent on the source of her information about Clark's age, and we are limited by that record. *See Zapffe v. Srbeny*, 587 N.E.2d 177, 180 (Ind. Ct. App. 1992) ("[m]atters outside the record cannot be considered by the court on appeal. We must decide the case on the record before us, and cannot speculate as to the actual facts of a case") (citation omitted).

Here, the record and argument did not permit us to decide whether a social worker would "always" be a declarant in child abuse cases, and we did not so hold. We leave for another day the determination whether or when a social worker is a declarant in a child abuse case.

3

Nor did we hold "the age of the perpetrator *is never pertinent to the medical diagnosis or treatment.*" (Appellee's Petition for Rehearing at i) (emphasis added). In our original decision we said only that the information in the record before us about Clark's age had no "*apparent relevance* to a diagnosis of the child's injuries." 978 N.E.2d at 1197 (emphasis added). The relevance was not apparent because on appeal, the State offered no "explanation why information about *Clark's* age might be relevant to a diagnosis of the *child's* injuries." *Id*. at 1196 n.7 (emphasis in original). Again, a determination whether the age of a perpetrator is relevant to a child victim's medical diagnosis or treatment is best left to another case.

In light of the record and the State's argument on appeal, we conclude that we correctly decided the question presented in the first instance, and we therefore affirm our opinion in all material respects.

BAKER, J., and SHEPARD, Sr. J., concur.