

**FILED**

Mar 07 2018, 6:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffrey S. Morris, *Appellant-Defendant,* | March 7, 2018 |
| | Court of Appeals Case No. 42A05-1709-CR-2059 |
| v. | Appeal from the Knox Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Ryan S. Johanningsmeier, Judge |
| | Trial Court Cause No. 42D02-1706-CM-515 |

**May, Judge.**

[1] Jeffrey S. Morris appeals his conviction of Class B misdemeanor public intoxication.[1] Morris argues the State did not provide sufficient evidence to

---

[1] Ind. Code § 7.1-5-1-3 (2012).

support his conviction. Because the State failed to provide evidence to demonstrate Morris's alleged intoxication was due to "alcohol or a controlled substance," Indiana Code section 7.1-5-1-3, as required by the statute defining public intoxication, we reverse.

# Facts and Procedural History

[2] On June 14, 2017 between 6:30 and 7:00 a.m., Vincennes Police Officer Robert Hammond was dispatched to investigate a man wearing only underwear. Upon arrival, Officer Hammond identified the individual as Morris. Morris was in the roadway, wearing just underwear, sweating profusely, and displaying signs of paranoia. Officer Hammond instructed Morris to remain inside his house the rest of the day.

[3] Over the course of the next four hours, Officer Hammond responded to four more calls regarding Morris. Each time Officer Hammond found Morris in the same condition: wearing only underwear, sweating profusely, and acting paranoid. The fifth time Officer Hammond responded to a call regarding Morris, Morris was waiting in front of a house to retrieve his bicycle. Officer Hammond arrested Morris for public intoxication.

[4] The State charged Morris with Class B misdemeanor public intoxication. At Morris' bench trial, Officer Hammond testified he arrested Morris based on paranoia, profuse sweating, and previous experiences with Morris where Officer Hammond speculated Morris had been under the influence of bath salts.

Officer Hammond testified he believed Morris was "potentially under the influence of bath salts." (Tr. at 8.) In its decision, the trial court stated:

> I think there are two main issues here today, one is intoxication and then the other is whether there was breaching the peace. I'm going to find that there was breaching the peace based on his appearance as well as the officer's observation of his behavior. I'm also going to find that there was intoxication based on the officer's prior contact with, with Mr. Morris and what the officer observed, especially paranoia and when compared to the past contact. So I'm going to enter Guilty on the charge of Public Intoxication as a Class B Misdemeanor.

(*Id.* at 26.) The trial court found Morris guilty of Class B misdemeanor public intoxication and sentenced Morris to 180 days, with sixty executed and one year on probation.

# Discussion and Decision

[5] Morris argues the State provided insufficient evidence to convict him of public intoxication. When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id.* at 126 (internal citation omitted).

[6] To prove Morris committed Class B misdemeanor public intoxication, the State had to present sufficient evidence Morris was: (1) in a public place, (2) in a state

of intoxication from alcohol or a controlled substance, and (3) breached the peace or was in imminent danger of doing so. *See* Ind. Code § 7.1-5-1-3(a)(3) (relevant elements of Class B misdemeanor public intoxication). Morris does not challenge that Officer Hammond found him in a public place. Instead, he challenges the State's proof of his intoxication and of his breach or imminent breach of the peace. We need address only the adequacy of the State's proof of Morris' intoxication to reverse. *See Clark v. State*, 978 N.E.2d 1191, 1197 (Ind. Ct. App. 2012) ("The State has an obligation to prove every element of a charged crime."), *aff'd on reh'g* 985 N.E.2d 1095 (Ind. Ct. App. 2013).

[7] In *Upp v. State*, 808 N.E.2d 706 (Ind. Ct. App. 2004), Upp appealed his conviction of public intoxication. Upp argued he could not be convicted of public intoxication because his intoxication was caused by sniffing glue, which is not a controlled substance. We held: "In the present case, the cause of [Upp's] intoxication was from sniffing glue. There was no evidence that his intoxication was the result of the use of alcohol or a controlled substance as defined by statute." *Id.* at 707. We accordingly reversed Upp's conviction of public intoxication.

[8] Here, the State similarly failed to provide any evidence that Morris was intoxicated on a controlled substance.[2] Officer Hammond described Morris as

---

[2] There is no suggestion in the record that Morris consumed any alcohol. In fact, on cross-examination, Morris' counsel asked Officer Hammond a series of questions in which Officer Hammond denied that Morris had smelled of alcohol, had slurred speech, glassy or bloodshot eyes, or had an unsteady gait.

"profusely sweating . . . and acting paranoid," (Tr. at 7), and testified he believed Morris was "potentially under the influence of bath salts." (*Id*. at 8.) While bath salts can contain a controlled substance, *see Elvers v. State*, 22 N.E.3d 824, 835 (Ind. Ct. App. 2014) ("Elvers was in possession of nearly 1,000 different packages of spice and bath salt products, and of the samples submitted to the State Police Lab, nearly all tested positive for a controlled substance."), our system of justice does not permit citizens to be convicted on a *potential* of illegality. *See Sesay v. State*, 5 N.E.3d 478, 485 (Ind. Ct. App. 2014) ("speculation" is insufficient for proof of elements required for conviction), *trans. denied*.

[9] To demonstrate Morris had been under the influence of a controlled substance, the State could have provided the results of chemical tests on one of Morris' bodily fluids. *See Bryce v. State*, 545 N.E.2d 1094, 1097 (Ind. Ct. App. 1989) (urine test showed cocaine was in the subject's system), *trans. denied*. The State also could have qualified an officer as an expert witness based on the officer having the specific training and experiences to form "rationally based perceptions." *See Stephenson v. State*, 742 N.E.2d 463, 480-81(Ind. 2001) (officer testified to experience and training), *cert. denied* 534 U.S. 1105 (2002). However, Officer Hammond offered no testimony about his training with

regard to the effects of being under the influence of bath salts such that he could have qualified as such an expert.[3]

# Conclusion

Because the State failed to present more than speculation that Morris was under the influence of a controlled substance, we conclude the evidence was insufficient to prove Morris committed Class B misdemeanor public intoxication, and we accordingly reverse Morris' conviction.

Reversed.

Vaidik, C.J., and Altice, J., concur.

---

[3] Officer Hammond did testify that he had prior experience with Morris when Morris had taken bath salts, but Officer Hammond also testified that Morris had denied being on bath salts on those prior occasions. As Officer Hammond did not provide any proof that his prior experiences with Morris had occurred when Morris had, in fact, been on bath salts, we fail to see the relevance of those experiences for proving the cause of Morris' behavior on the day at issue herein.