**Jose VASQUEZ, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0006–CR–391.**

Court of Appeals of Indiana.

Oct. 4, 2000.

William F. Thoms, Jr., Thoms & Thoms, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Yvonne M. Carter, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

KIRSCH, Judge

Jose Vasquez appeals his conviction for glue sniffing,[1] a Class B misdemeanor, contending that the evidence was insufficient to support the conviction.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On October 4, 1999, Indianapolis Police Officers Jeffrey Kelley and Steve Knight responded to a dispatch of a possible burglary in progress in Apartment 17 at 55 South Linwood in Indianapolis.[2] When Vasquez answered the door, the officers found him alone in the apartment. He appeared disoriented, his balance and speech was impaired, and he was non-responsive to the officers' questions. They also found a clear liquid substance in a bottle with a rag soaked in the substance nearby. Both officers believed that the substance was toluene. Vasquez was arrested and charged with glue sniffing.

## DISCUSSION AND DECISION

■ When reviewing claims of insufficient evidence, this court considers only the evidence and the reasonable inferences arising therefrom which support the conviction. *Barnett v. State*, 637 N.E.2d 826, 832 (Ind.Ct.App.1994). Without weighing the evidence or determining witness credibility, we will affirm a conviction if the evidence and inferences establish that a trier of fact could reasonably conclude that the defendant was guilty beyond a reasonable doubt. *Boushehry v. State*, 648 N.E.2d 1174, 1176 (Ind.Ct.App.1995).

A conviction for glue sniffing requires that the State prove that "[a] person who, with intent to cause a condition of intoxication .... ingests or inhales the fumes of

... a substance that contains: (A) toluene...." IC 35–46–6–2.

■ Vasquez contends that the State failed to present sufficient evidence that the substance found in the bottle was toluene. We agree. Both officers testified that they believed the substance to be toluene based solely on their previous experiences with the smell and appearance of the substance. Officer Knight testified that the police neither test the substance nor maintain the evidence because toluene's volatility and the difficulty of disposing of it make it impractical. The State relies on *Hanson v. State*, 704 N.E.2d 152, 155 (Ind.Ct.App.1999). There, this court held that a police officer's opinion testimony was admissible where it was rationally based on his general experience, training, and handling of the article at issue. Hanson was charged with a crime involving the obliteration of identification marks from a handgun. The police officer testified as an expert because he was a certified firearms instructor and had specific training in firearm identification. Here, both officers testified that they had had no special training and were not experts in identification by smell. Each testified based only on his street experience that the substance smelled like toluene and that a rag soaked in the substance was a common conduit for sniffing. This evidence is insufficient to support Vasquez's conviction.

Because we find that there was insufficient evidence to support the trial court's inference that the substance was toluene, an essential element of the charged crime, we need not address whether the evidence of intoxication was sufficient to support a finding that Vasquez had sniffed the substance with the intent to become intoxicated.

Reversed.

1. *See* IC 35–46–6–2.

2. Although Vasquez was charged with residential entry, the State declined to present evidence on the charge, and Vasquez's motion for a judgment on the evidence of this charge was granted.

FRIEDLANDER, J., concurs.

DARDEN, J., dissents with separate opinion.

DARDEN, Judge, dissenting

I respectfully dissent. A police officer's opinion testimony is admissible when it is rationally based upon the officer's general experience, training and handling of the article at issue. *Hanson v. State,* 704 N.E.2d 152, 155 (Ind.Ct.App.1999). Here, Officers Kelley and Knight opined that the substance in the bottle in the apartment was toluene.

Specifically, Officer Kelley, who has been a law enforcement officer for six and one-half years, testified that based upon his training and experience, the substance that he smelled when he entered the apartment was toluene. In addition, Officer Kelly found a bottle with a soaked rag lying next to it. Based upon the officer's training and experience, a bottle and a soaked rag are paraphernalia associated with inhaling toluene.

Officer Knight, who has been a law enforcement officer for 14 years, also testified that based upon his training and experience, the substance that he smelled when he entered the apartment was toluene. He further explained that the clear substance looked like toluene. According to Officer Knight, police officers routinely identify toluene by smell and appearance rather than testing it because of its volatility and the difficulty in disposing of it.

This evidence is sufficient to support the trial court's conclusion that the substance in the bottle was toluene. The majority is improperly reweighing the evidence. I would affirm Vasquez's conviction.