**Jose VASQUEZ, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S02–0012–CR–740.

Supreme Court of Indiana.

Feb. 2, 2001.

William F. Thoms, Jr. Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Yvonne M. Carter, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## ON PETITION FOR TRANSFER

BOEHM, Justice.

We hold that testimony as to the nature of a compound may be based on a witness' experience with it if the circumstances support the conclusion that the witness' identification is reliable.

### Factual and Procedural Background

On October 4, 1999, two Indianapolis police officers, Jeffrey Kelley and Steve Knight, responded to a report of a burglary at an apartment at 55 South Linwood. Jose Vasquez answered the door and appeared to be disoriented, non-responsive, off-balance, and thick-tongued. The officers smelled what they believed to be a toluene-type substance. A search of the residence revealed a clear liquid substance in a bottle near a rag soaked with the substance. Vasquez was arrested and charged with glue sniffing. At a bench trial, both officers testified that they believed the substance in the bottle was toluene. Vasquez was found guilty of glue sniffing.[1]

Vasquez appealed and the Court of Appeals reversed, holding that the evidence was insufficient to support Vasquez's conviction because it was not established that the substance in the bottle was toluene. *Vasquez v. State*, 735 N.E.2d 1207, 1208 (Ind.Ct.App.2000). Judge Darden, in dissent, found that the officers' testimony was sufficient to affirm the conviction. *Id.* at 1209.

### Sufficiency of the Evidence

Vasquez claims that there is insufficient evidence to support his conviction for glue sniffing because the State did not prove either (1) that the substance was toluene, or (2) that Vasquez inhaled with the intent to cause intoxication. Specifically, he contends that identifying the substance based solely on the testimony of two police officers, neither of whom was an expert, does not establish beyond a reasonable doubt that the substance was toluene.

■■■ Our standard for reviewing a claim of sufficiency of the evidence is well settled. We do not reweigh the evidence or judge the credibility of witnesses. *Spurlock v. State*, 675 N.E.2d 312, 314 (Ind.1996). We look to the evidence and the reasonable inferences therefrom that support the verdict and will affirm a conviction if evidence of probative value exists from which a jury or judge could find the defendant guilty beyond a reasonable doubt. *Id.* "[A]n inference cannot be based upon evidence which is uncertain or speculative or which raises merely a conjecture or possibility." *Shutt v. State*, 233 Ind. 169, 174, 117 N.E.2d 892, 894 (1954). However, the testimony of an observer, skilled in an art or possessing knowledge beyond the ken of the average juror may be nothing more than a report of what the witness observed, and therefore, admissible as lay testimony. *See Jervis v. State*, 679 N.E.2d 875, 881 (Ind.1997) (Examination of cells under a microscope is not a matter of scientific principle, but "[r]ather, ... a matter of the observations of persons with specialized knowledge."). Under Indiana Evidence Rule 701, a lay witness may testify to "those opinions or inferences which are rationally based on the perception of the witness."

■■■ The crime of glue sniffing requires that: (1) a person inhales or ingests, (2) the fumes of model glue or a substance that contains toluene, (3) with the intent to cause a condition of intoxication, euphoria, excitement, exhilaration, stupefaction, or dulling of the senses. Ind. Code § 35–46–6–2 (1998). The evidence showed that Kelley and Knight entered the apartment and found a bottle of a clear liquid and a rag soaked in the same substance. Vasquez displayed the behavior of a person under the influence of toluene. "[T]he identity of a drug can be proven by circumstantial evidence." *Clifton v. State*, 499 N.E.2d 256, 258 (Ind.1986). The same is true of toluene. The opinion of someone sufficiently experienced with the drug may establish its identity, as may other circumstantial evidence. *Id.* Although chemical analysis is one way, and perhaps the best way, to establish the identity of a com-

---

1. Vasquez was also charged with residential entry, but his motion for a judgment on the evidence on that count was granted.

pound, persons experienced in the area may be able to identify cigarette smoke, marijuana, and even toluene. This is true even if every citizen may not be up to that task.

In this case, there was both testimony of those familiar with toluene and other circumstantial evidence. Although not experts, both officers testified that, based on their observations and experience, the substance smelled and looked like toluene. The trial court could readily find that this inference was rationally based on the officers' perceptions. Kelley, who had over six years of police experience, testified that the rag and bottle were paraphernalia associated with inhaling toluene. Knight, a fourteen-year officer, testified that police officers routinely identify toluene by smell and appearance because its volatility and difficulty in disposal make it hard to transport and test. This was sufficient to support the trial court's finding that the substance contained toluene.

■ Vasquez's intent to become intoxicated can also be inferred from the same evidence. Intent is a mental state that the trier of fact often must infer from the surrounding circumstances. *Goodner v. State*, 685 N.E.2d 1058, 1062 (Ind.1997). The police officers found items commonly used in glue sniffing and Vasquez was noticeably impaired when they arrived. A reasonable trier of fact could determine beyond a reasonable doubt that Vasquez had inhaled the substance with the intent to become intoxicated.

■ This evidence raises more than mere speculation or conjecture. Although it was perhaps not the best way to prove the case, our job is not to reweigh the evidence or judge the credibility of the witnesses. As a logical consequence of the evidence presented, the trial court could reasonably infer that Vasquez inhaled a product containing toluene with the intent to cause intoxication.[2]

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.

---

**2.** Vasquez argues that "Indiana Code 35–46–6–2 also prohibits inhaling the fumes of a substance containing toluene, but not toluene itself." Recently, this Court held that legislation will not be construed to produce an up-

side-down result. *Sales v. State*, 723 N.E.2d 416, 420 (Ind.2000). This would surely be the result if we held that inhaling a product containing toluene was illegal while inhaling toluene was not.