## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 10 2015, 10:15 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Malcolm M. Pettis, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 10, 2015 <br><br> Court of Appeals Case No. 84A04-1408-CR-396 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable David R. Bolk, Judge <br><br> Cause Nos. 84D03-1104-FB-1220 and 84D03-0910-FB-3227 |

**Kirsch, Judge.**

[1] Malcom M. Pettis appeals the trial court's determination that he violated the terms of his probation and its imposition of a nine-year sentence. He raises the following restated issues:

I. Whether the State presented sufficient evidence that Pettis violated a term of his probation; and

II. Whether the trial court abused its discretion when it ordered Pettis to serve nine years of a previously-suspended ten-year sentence.

We affirm.

## Facts and Procedural History

In March 2012, Pettis pleaded guilty to: (1) Class D felony assisting a criminal and Class B felony dealing in cocaine pursuant to charges filed in 2009 and 2011. The trial court imposed a three-year executed sentence in the Department of Correction ("DOC") on the Class D felony assisting a criminal conviction. On the Class B felony dealing in cocaine conviction, the trial court imposed a thirteen-year sentence, with three years executed at DOC and ten years suspended to probation. The trial court ordered the two sentences to run consecutive to each other, resulting in a sixteen-year aggregate sentence, with six years executed and ten suspended to probation.

In April 2013, Pettis was released from DOC to probation and executed a written probation agreement. As a term of his probation, Pettis agreed to "not violate any laws or city ordinances." *Appellant's App*. at 69. He also acknowledged that "[i]f it shall appear that I have violated the terms of my probation or have been charged with having committed another offense, the Court may revoke the suspension of sentence and may impose the sentence which had been originally imposed." *Id*. at 71.

[5] In February and March 2014, then-Detective Denzil Lewis of the Vigo County Task Force was involved in an investigation of Pettis. On February 27, 2014, a confidential informant, who was working with Detective Lewis, drove to Pettis's residence. When the informant arrived, Pettis exited the residence and entered a parked vehicle, obtained marijuana from it, and, while Pettis was seated in the parked car, sold it to the informant. A second controlled drug buy occurred on March 4, 2014. During this transaction, Pettis was driving when he sold cocaine to a confidential informant, who was a passenger. Both of those transactions were videotaped by the confidential informant. On April 30, 2014, now-Sergeant Lewis, who was at that time employed with the Terre Haute Police Department, observed Pettis driving a vehicle. Pettis failed to signal a turn, and Sergeant Lewis initiated a traffic stop. Sergeant Lewis determined that Pettis's license status reflected that he was a habitual traffic violator. Pettis was arrested and transported to jail.

[6] Several weeks prior to the April 30 traffic stop, on March 20, 2014, Pettis had been charged with Class D felony operating a vehicle as a habitual traffic violator. As a result of that criminal charge, the State filed a notice of probation violation on March 21, 2014. *Appellant's App.* at 72. On May 8, 2014, the State filed an amended notice of probation violation, alleging that, in addition to the March 20, 2014 habitual traffic violator charge, Pettis had violated the terms of his probation due to having been charged on May 5, 2014, with numerous additional criminal offenses, including: three counts of Class A felony dealing in cocaine; three counts of Class C felony possession of cocaine; one count of

Class C felony dealing in marijuana; three counts of Class D felony maintaining a common nuisance; and two counts of Class D felony being a habitual traffic violator. *Id.* at 76.

[7] In July 2014, the trial court held an evidentiary hearing. Sergeant Lewis testified to the two controlled drug buys in which he was involved when he was on the Vigo County Drug Task Force, namely the buy on February 27, 2014 and the other on March 4, 2014. Photographs of each transaction, including the substance sold, were admitted into evidence. Sergeant Lewis stated that he field-tested the substance Pettis sold on March 4, 2014, and it tested positive for cocaine. Upon cross-examination, Pettis's counsel inquired whether Sergeant Lewis sent the substances, identified during the hearing as marijuana and cocaine, to the Indiana State Police laboratory for testing. Sergeant Lewis replied, "[T]hat's gonna be up to the [] case detective now. The case detective will [] send that off to be tested[.]" *Tr.* at 17. Pettis's counsel then asked if he knew whether that had been done, to which Sergeant Lewis responded, "I do not know whether or not that's been done, I can only assume[,]" and "I cannot give you anything definitive [], if it's been sent off or not." *Id.* at 17-18. Sergeant Lewis also testified that there had been additional controlled buys involving Pettis, but he was not the lead detective in charge of those transactions, and thus, he did not testify to the specific circumstances surrounding them.

[8] At the conclusion of the hearing, the trial court determined that Pettis had violated the terms of his probation, revoked it, and sentenced him to serve nine years of his previously-suspended sentence. Pettis now appeals.

# Discussion and Decision

## I. Sufficiency of the Evidence

[9] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (citing *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)). The trial court determines the conditions of probation and may revoke probation if the conditions are violated. Ind. Code § 35-38-2-3(a). Pettis contends that the evidence was insufficient to establish that he violated his probation. When the sufficiency of evidence is challenged, we will neither "reweigh the evidence nor reassess witness credibility." *Whatley v. State,* 847 N.E.2d 1007, 1010 (Ind. Ct. App. 2006). Rather, we look to the evidence most favorable to the State and affirm the judgment if there is substantial evidence of probative value supporting revocation. *Id.* The State's burden of proof regarding alleged probation violations is proof by a preponderance of the evidence. *Id.* When the alleged violation is the commission of a new crime, the State need not show that the probationer has been convicted of the crime. *Id.* (citing *Richeson v. State*, 648 N.E.2d 384, 389 (Ind. Ct. App. 1995), *trans. denied*). The trial court only needs to find that there was probable cause to believe that the defendant violated a criminal law. *Id.*

[10] In this appeal, Pettis claims that the State "failed to carry its burden that Pettis violated his probation by dealing or possessing cocaine, dealing marijuana, and maintaining a common nuisance." *Appellant's Br*. at 2-3. Specifically, he argues that the substances he sold to a confidential informant during videotaped drug buys were not sent to the police laboratory for testing and were thus never conclusively established as marijuana and cocaine. He maintains, "Field tests are only able to determine whether a substance is 'presumptive' for a certain drug; further testing at a lab must be done to confirm whether the substance is in fact an illegal drug." *Id*. at 4. Therefore, he claims, the State failed to show that the substances that he sold were controlled substances and that reversal of his probation revocation is warranted. We disagree.

[11] First, Pettis cites to no authority for the proposition that lab testing must occur "to confirm whether the substance is in fact an illegal drug"; thus, he has waived the issue for consideration. Ind. Appellate Rule 46(A)(8)(a); *McMahon v. State*, 856 N.E.2d 743, 751 (Ind. Ct. App. 2006). Second, contrary to Pettis's assertion that the substances had only been subject to field-testing, Sergeant Lewis did not testify that the substances were not sent to ISP lab; he testified that he did not know whether the substances had been sent to the ISP lab. Third, even assuming that, as claimed, the substances were only field-tested by then-Detective Lewis, Indiana case law has established that the identity of a controlled substance may be established through witness testimony and circumstantial evidence. *Cherry v. State*, 971 N.E.2d 726, 732 (Ind. Ct. App. 2012) (quoting *Helton v. State*, 907 N.E.2d 1020, 1024 (Ind. 2009)), *trans. denied*.

The opinion of someone sufficiently experienced with the drug may establish its identity. *Vasquez v. State*, 741 N.E.2d 1214, 1216 (Ind. 2001) (officer's lay testimony supported finding that substance was toluene); *Boggs v. State*, 928 N.E.2d 855, 860 (Ind. Ct. App. 2010) (evidence held sufficient to identify substances where police officers testified that green leafy substance was marijuana and substance on plate was methamphetamine), *trans. denied*.

[12] Regardless, even if, as Pettis claims, the State failed to prove that the substances Pettis sold to the confidential informant were illegal substances, Pettis concedes that the State carried its burden of proving that he drove on three occasions as a habitual traffic violator. *Appellant's Br*. 3, 5. Each of those was a felony offense. It is well settled that violation of a single condition of probation is sufficient to revoke probation. *Jenkins v. State*, 956 N.E.2d 146, 149 (Ind. Ct. App. 2011), *trans. denied*. Considering the record before us, we conclude the evidence was sufficient to show that Pettis violated the terms of his probation.

## II. Sentence Imposed

[13] Pettis claims that the trial court abused its discretion when it ordered Pettis to serve nine years of a previously-suspended ten-year sentence. Where a trial court has exercised its grace by granting a defendant probation in lieu of incarceration, it has considerable leeway in deciding how to proceed where the defendant then violates the conditions of his probation. *Prewitt*, 878 N.E.2d at 188. Once a trial court finds that a person has violated a term of his or her probation, the court may impose one or more of the following sanctions: (1)

continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3.

[14] The sanction imposed by the trial court upon a finding of a probation violation is reviewed on appeal for an abuse of discretion. *Brandenburg v. State,* 992 N.E.2d 951, 953 (Ind. Ct. App. 2013), *trans. denied*; *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Brandenburg*, 992 N.E.2d at 953.

[15] Pettis argues that the trial court's decision to order him to serve nine years was an abuse of discretion because the State only met its burden of proving that he drove on three occasions as a habitual traffic violator, and each offense was "minor in nature." *Appellant's Br*. at 5. Therefore, he contends, "Imposing a 9-year sentence for a minor violation constituted an abuse of discretion." *Id*. We reject this claim.

[16] Here, Pettis was placed on probation in April 2013. In less than one year, he was videotaped selling marijuana and cocaine in at least two controlled drug buys. In May 2014, he was charged with committing twelve felonies, including three counts of Class A felony dealing in cocaine, three counts of Class C felony possession of cocaine, three counts of Class D felony maintaining a common

nuisance, one count Class C felony dealing in marijuana, and two counts of Class D felony operating a vehicle as a habitual traffic violator. The trial court found:

> I have evidence of two separate narcotic dealing transactions [], and then I have two separate driving offenses, H.T.V. offenses, and I think the State's met its burden to prove by a preponderance of the evidence that Mr. Pettis violated the law with respect to those occasions. So I'm finding that Mr. Pettis has violated the terms of his probation.

*Tr.* at 29. Although a trial court has several alternative sanctions it may impose where it has found that a defendant has violated his probation, one of those sanctions is to order execution of the sentence that was previously suspended. *See* Ind. Code § 35-38-2-3(h). Noting that Pettis "hasn't modified his lifestyle" while out on probation for a year, the trial court terminated his probation and ordered him to serve nine years. *Tr.* at 30. This was less than the balance of his remaining sentence. We find that the trial court's imposition of the nine-year sentence was not an abuse of discretion.

[17] Affirmed.

Friedlander, J., and Crone, J., concur.