## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 08 2019, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer G. Schlegelmilch
Lawrence County Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christopher C. Ferran,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 8, 2019

Court of Appeals Case No.
18A-CR-2018

Appeal from the Lawrence Superior Court

The Honorable Marc R. Kellams, Special Judge

Trial Court Cause No.
47D01-1706-F5-962

**Barteau, Senior Judge.**

# Statement of the Case

[1]     Christopher C. Ferran appeals his convictions of possession of methamphetamine and possession of paraphernalia. We affirm.

# Issue

[2]     Ferran presents one issue for our review, which we restate as: whether the trial court erred when it admitted certain evidence at trial.

# Facts and Procedural History

[3]     In the spring of 2017, Ferran was evicted from his mobile home and began living in a shed on his brother's property. Thereafter, Ferran began sending disturbing messages to his mother stating that he was going to kill people and threatening the judge that presided over his eviction case. On June 26, Ferran sent messages to his mother that he was going to hurt himself and telling her where she could find his body. Ferran's mother was concerned and called the police. Upon arriving at Ferran's mother's residence and seeing some of Ferran's messages on his mother's phone, the officer had other officers dispatched to ensure the safety of the judge and his family. Police also went to the shed to check on Ferran. Ferran was taken into custody, and officers subsequently obtained a warrant to search the shed. As a result of the search, officers seized BB guns, knives, brass knuckles, a throwing star, a sword, a rifle, .22 caliber bullets, and a glass smoking pipe.

[4] Based upon this incident and the ensuing search, the State charged Ferran with intimidation, a Level 5 felony;[1] possession of methamphetamine, a Level 5 felony;[2] and possession of paraphernalia, a Class C misdemeanor.[3] At trial, State's witness Detective Roberts testified that he recognized the pipe as the type used to smoke methamphetamine and the residue in the pipe as that left by methamphetamine. He also testified that the residue field tested positive for methamphetamine. A jury found Ferran guilty of the two drug charges and was hung on the intimidation charge. The court sentenced Ferran to three years on his conviction of possession of methamphetamine and 30 days, concurrent, on the paraphernalia conviction, with 671 days suspended. Ferran now appeals his convictions.

## Discussion and Decision

[5] Ferran contends the trial court erred by admitting Detective Roberts' testimony. Specifically, Ferran alleges the detective's testimony concerning the identification of the pipe residue as methamphetamine was inadmissible because the State failed to establish that the detective qualified as an expert

---

[1] Ind. Code § 35-45-2-1 (2017).

[2] Ind. Code § 35-48-4-6.1 (2014).

[3] Ind. Code § 35-48-4-8.3 (2015).

witness and that the field test is based on reliable scientific principles, all as required by Evidence Rule 702.[4]

[6] The trial court's ruling on the admission or exclusion of evidence is reviewed for an abuse of discretion. *Cherry v. State*, 57 N.E.3d 867, 875 (Ind. Ct. App. 2016), *trans. denied*. An abuse of discretion occurs when a decision is clearly against the logic and effect of the facts and circumstances before the court. *Paul v. State*, 971 N.E.2d 172, 175 (Ind. Ct. App. 2012). Error in the admission of evidence will prevail on appeal only if it affects the substantial rights of a party. *Carter v. State*, 31 N.E.3d 17, 28 (Ind. Ct. App. 2015), *trans. denied*.

[7] The State developed an extensive foundation to establish Detective Roberts' qualifications to testify that the substance in the pipe was methamphetamine. During the State's offer of proof, Roberts testified that he is a certified law enforcement officer, having graduated from the academy in 2000, and that he is a detective in the narcotics division and a member of the county drug task force. He listed additional training as detective school, crime scene school, and the

---

[4] Evidence Rule 702 provides:

> (a) A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

> (b) Expert scientific testimony is admissible only if the court is satisfied that the expert testimony rests upon reliable scientific principles.

drug recognition expert program, after which he was certified as a drug recognition expert (DRE). The detective testified that he is also now an instructor for the DRE program. He estimated that during his many years on patrol and his time on the drug task force, he has encountered methamphetamine and its associated paraphernalia "hundreds, if not thousands[,] of times.," Tr. Vol. 3, p. 111, and he stated that the majority of the drug crimes he handles involve methamphetamine.

[8]     In addition to his other training and on-the-job experience, Detective Roberts' experience with identifying methamphetamine stems from webinar training, field testing, and training in the proper procedure for field testing. The detective is certified as a field test kit instructor through NARTEC, the manufacturer of the field test that was used in the present case. He stated that he has used NARTEC's test thousands of times and that he is familiar with the recommended procedures for administering that test:

> [T]he test ampule comes in a small cardboard sleeve. You remove the test ampule from the cardboard sleeve and expose the fiber tip. On the test kit, you take the fiber tip, swab whatever you're wanting tested, put the ampule back into the cardboard sleeve with the fiber tip being out. Use the cardboard to crush the ampule – squeeze the ampule to get the liquid solution that's inside the test kit to go through the fiber's tip to reach the end. And if the item that you're testing is a positive test for methamphetamine, you get an immediate reaction that is a bright blue color.

*Id.* at 112. Roberts testified that there is a mixture of chemicals in the field test, but the main ingredient is acetaldehyde. He stated that the NARTEC test kit was developed by Mr. Ware, a retired Missouri highway patrol and crime lab officer, and that Ware used the same chemical solution that the Missouri Highway Crime Lab was using for confirmatory testing of methamphetamine. Detective Roberts indicated that this field test is accepted in the police community, that it is also used by the Indiana State Police, and that acetaldehyde has been shown to be "the standard" for testing compounds such as methamphetamine. *Id.* at 114. The detective further testified that in all the instances when he had recovered a substance that yielded a positive result for methamphetamine in a field test, he never remembered receiving a report back from the State Police lab that was different than the result of the field test.

[9]     Finally, Detective Roberts explained that when a glass pipe is used to smoke methamphetamine, a black tar-like residue will be left in the bulb end of the pipe that comes into contact with the heat source, and a white, powdery residue is left in the tube part of the pipe that releases the smoke. Following the State's offer to prove, the trial court admitted Detective Roberts' testimony as that of a skilled witness.[5] *See id.* at 133.

---

[5] A skilled witness is a person who possesses specialized knowledge short of that necessary to be declared an expert under Evidence Rule 702 but beyond that possessed by an ordinary juror. *A.J.R. v. State*, 3 N.E.3d 1000, 1003 (Ind. Ct. App. 2014). Evidence Rule 701 encompasses persons whom the courts have labeled "skilled witnesses." *Id.* Rule 701 provides:

Our Supreme Court has held that the "'identity of a drug can be proven by circumstantial evidence.'" *Vasquez v. State*, 741 N.E.2d 1214, 1216 (Ind. 2001) (quoting *Clifton v. State*, 499 N.E.2d 256, 258 (Ind. 1986)). For instance, "[t]he opinion of someone sufficiently experienced with the drug may establish its identity, as may other circumstantial evidence." *Vasquez*, 741 N.E.2d at 1216. This is true even in the absence of expert testimony based on chemical analysis. *Halsema v. State*, 823 N.E.2d 668, 673 n.1 (Ind. 2005). Thus, we find that Detective Roberts' testimony as a skilled witness of his identification of the substance in the pipe based on his experience, training, and personal observations was properly admitted and sufficiently established that the substance was methamphetamine. Our Supreme Court and this Court have found similar evidence sufficient to prove the identity of drugs in appeals of drug possession convictions. *See, e.g.*, *id.* (holding that, even in the absence of expert testimony based on chemical analysis, testimony of officer trained in production, manufacture, and distribution of methamphetamine was, alone, sufficient evidence that substance at issue was methamphetamine); *Boggs v. State*, 928 N.E.2d 855, 867 (Ind. Ct. App. 2010) (holding that testimony of officers that, based on their training and experience, residue on card and plate

---

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
(a) rationally based on the witness's perception; and
(b) helpful to a clear understanding of the witness's testimony or to a determination of a fact in issue.

and burnt residue in hollowed out light bulbs was methamphetamine was sufficient evidence of identity of drug), *trans. denied*.

[11] Furthermore, even assuming it was error for the trial court to admit the detective's testimony concerning the result of the field test, the error was harmless. Improper admission of evidence is harmless error when the erroneously admitted evidence is merely cumulative of other evidence before the trier of fact. *Purvis v. State*, 829 N.E.2d 572, 585 (Ind. Ct. App. 2005), *trans. denied*. As we stated above, the detective's testimony of his identification of the methamphetamine based upon his experience, by itself, is sufficient evidence of the identity of the drug. Consequently, the result of the field test was cumulative evidence, and any error stemming therefrom is harmless. *See Doolin v. State*, 970 N.E.2d 785, 790 (Ind. Ct. App. 2012) (finding that admission of result of field test performed on drug in presence of jury during trial without establishing scientific reliability of test was harmless error because police officer's experience, training, and personal observations in addition to other circumstantial evidence sufficiently established identity of substance as marijuana), *trans. denied*.

## Conclusion

[12] For the reasons stated, we conclude the trial court did not abuse its discretion by admitting Detective Roberts' testimony.

[13] Affirmed.

Mathias, J., and Crone, J., concur.