

FILED

Aug 15 2019, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Jimmy Tyree Neal,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 15, 2019

Court of Appeals Case No.
19A-CR-174

Appeal from the Marshall Superior
Court

The Honorable Robert O. Bowen,
Judge

Trial Court Cause No.
50D01-1807-F2-13

**Brown, Judge.**

[1] Jimmy Neal appeals and claims that the evidence is insufficient to sustain his convictions for dealing in or possessing a look-alike substance and dealing in marijuana as level 5 felonies, and that the trial court abused its discretion in ordering him to pay certain public defender fees and medical expenses. We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] At approximately 9:30 p.m. on June 13, 2018, Bremen Police Sergeant Trent Stouder was in an unmarked police vehicle and observed a GMC Jimmy which had an interim plate with a lightly-tinted cover over it. Sergeant Stouder could not read the plate, moved his police vehicle into a position so that he could see the plate number, and ran a check. The results identified the owner as Neal and indicated he did not have a valid license, and Sergeant Stouder activated his vehicle's overhead lights and initiated a traffic stop. Upon approach, Sergeant Stouder noticed an odor of marijuana and that Neal had glassy eyes and was slow of speech. At some point, Neal admitted to Sergeant Stouder that he had smoked marijuana before entering his vehicle. Other law enforcement arrived at the scene, and Neal and his female passenger exited the vehicle. Neal admitted smoking marijuana and taking ecstasy daily. Officers discovered two plastic bags in the center console of the vehicle which contained multiple individually-packaged pills. The pills were pink, green, or orange in color, were triangular in shape, and were packaged individually into small ziplock baggies. Many of the baggies had rows of green leaf emblems on them. Officer Stouder believed the pills were ecstasy. Officers further discovered marijuana, multiple

cell phones, numerous plastic bags, a scale, and a portable safe. A laboratory report dated November 27, 2018, states that testing revealed that the green plant material was marijuana and that the total weight was 73.02 grams. The report further states that there were fifty-eight pink, three green, and two orange triangular shaped and scored tablets and that testing revealed that the pills contained caffeine.

[3] The State charged Neal as amended with: Count I, dealing or possessing a look-alike substance as a level 5 felony; Count II, dealing in marijuana as a level 5 felony; Count III, operating a vehicle with a schedule I or II controlled substance or its metabolite in the body as a class C misdemeanor; Count IV, improper display of license plate as a class C infraction; and Count V, no operator's license in possession as a class C infraction. It also filed a notice of intent to seek an enhanced penalty on Count II to raise the offense to a level 5 felony based on prior convictions in Wisconsin. The court held a bench trial and found Neal guilty on Counts I, II, and III and that judgment would be entered against him on Counts IV and V. With respect to Count I, the court stated "there was a quantity of those pills that were found," they were "individually wrapped," "they are a look-alike drug," and "[m]aybe there weren't an[y] comparisons, but you don't have to take [] a leap of logic to assume that those are and were intended to be at one point passed off as drugs, so I'm going to find that you are guilty of Count I." Transcript Volume II at 94. The court sentenced him to six years on Count I, six years on Count II, and sixty days on Count III, to run concurrently. The court's written order states

Neal is required to pay a public defender fee of $250 and that he "shall reimburse Marshall County for all medical care expenses incurred by the County in providing medical care to [him] pursuant to IC 11-12-5-7." Appellant's Appendix Volume II at 7.

## Discussion

### I.

The first issue is whether the evidence is sufficient to sustain Neal's convictions. When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the factfinder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* Appellate courts, when confronted with conflicting evidence, must consider the evidence most favorable to the trial court's ruling. *Id.* We will affirm unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

### A.    *Count I*

Neal first challenges his conviction under Count I. He argues the State offered no proof the discovered pills met the requirements of a look-alike substance under Ind. Code § 35-48-4-4.5(a) and that any number of products are packaged for single use by individuals such as over-the-counter pain relievers, food, and vitamin packs. He argues the record contains no evidence of distribution of the

pills. He also argues that the court's finding that the pills were intended to be passed off as drugs is troubling as the statute does not refer to drugs generically but to a controlled substance and that the court appears to have required a lesser standard of proof than required by statute. The State maintains that it demonstrated the caffeine pills qualified as a look-alike substance and that Neal intended to distribute them.

[6]     At the time of offense, Ind. Code § 35-48-4-4.6 provided in part:

> (a)     A person who knowingly or intentionally:
>
> (1)     manufactures;
> (2)     finances the manufacture of;
> (3)     advertises;
> (4)     distributes; or
> (5)     *possesses with intent to* manufacture, finance the manufacture of, advertise, or *distribute*;
>
> *a substance described in section 4.5 of this chapter* commits a Level 5 felony.
>
> (b)     A person may be convicted of an offense under subsection (a)(5) only if:
>
> (1)     there is evidence in addition to the weight of the substance that the person intended to manufacture, finance the manufacture of, advertise, or distribute the substance; or
>
> (2)     the amount of the substance involved is at least twenty-eight (28) grams.
>                         * * * * *
>
> (d)     In any prosecution brought under this section it is not a defense that the person believed the substance actually was a controlled substance. . . .

(Emphases added) (subsequently amended by Pub. L. No. 80-2019, § 27 (eff. July 1, 2019)).

[7] Ind. Code § 35-48-4-4.5 provided:

> (a) A person who knowingly or intentionally delivers or finances the delivery of *any substance*, other than a controlled substance or a drug for which a prescription is required under federal or state law, *that*:
>
> > (1) is expressly or impliedly represented to be a controlled substance;
> >
> > (2) is distributed under circumstances that would lead a reasonable person to believe that the substance is a controlled substance; or
> >
> > (3) by overall dosage unit appearance, including shape, color, size, markings, or lack of markings, taste, consistency, or any other identifying physical characteristic of the substance, would lead a reasonable person to believe the substance is a controlled substance;
>
> commits dealing in a substance represented to be a controlled substance, a Level 6 felony.
>
> (b) In determining whether representations have been made, subject to subsection (a)(1), or whether circumstances of distribution exist, subject to subsection (a)(2), the trier of fact may consider, in addition to other relevant factors, the following:
>
> > (1) Statements made by the owner or other person in control of the substance, concerning the substance's nature, use, or effect.
> >
> > (2) Statements made by any person, to the buyer or recipient of the substance, that the substance may be resold for profit.
> >
> > (3) Whether the substance is packaged in a manner uniquely used for the illegal distribution of controlled substances.
> >
> > (4) Whether:

> (A)    the distribution included an exchange of, or demand for, money or other property as consideration; and
>
> (B)    the amount of the consideration was substantially greater than the reasonable retail market value of the substance.

(Emphases added) (repealed by Pub. L. No. 80-2019, § 26 (eff. July 1, 2019)).

[8] A person engages in conduct "intentionally" if, when he engages in the conduct, it is his conscious objective to do so. Ind. Code § 35-41-2-2(a). A person engages in conduct "knowingly" if, when he engages in the conduct, he is aware of a high probability that he is doing so. Ind. Code § 35-41-2-2(b). Intent is a mental state the trier of fact often must infer from the surrounding circumstances. *Vasquez v. State*, 741 N.E.2d 1214, 1217 (Ind. 2001).

[9] The evidence most favorable to Neal's conviction is that numerous pills were recovered from the center console of his vehicle and that the pills were pink, green, or orange in color, triangular in shape, and packaged individually into small ziplock baggies, many of which had green leaf emblems on them. Sergeant Stouder testified that he was in his seventeenth year with the Bremen Police Department, had advanced roadside impaired driving enforcement training pertaining to the use of different types of narcotics and effects, and had interdiction training. Neal admitted to taking ecstasy daily. Officer Stouder believed the pills were ecstasy, and he prepared a property record sheet dated June 13, 2018, stating the evidence included sixty-three individually wrapped baggies of ecstasy in addition to the bags of marijuana, numerous small plastic baggies, and a scale.

[10]    In light of the shape, color, size, and overall unit appearance of the pills, and the manner in which they were packaged as set forth in the record and shown in the exhibits, we conclude that a reasonable finder of fact could determine that the pills constituted a substance described in Ind. Code § 35-48-4-4.5. Also, we presume the trial court knows the law, and we cannot say that, in referring to "drugs," the court did not consider the specific statutory elements of the charged crime. Further, given the number of pills and their packaging, numerous empty baggies, and scale, the finder of fact could reasonably infer that Neal possessed the substance with intent to distribute. Based upon the record, we conclude the State presented evidence of probative value from which the trier of fact could find beyond a reasonable doubt that Neal committed the crime charged under Count I. *See M.Q.M. v. State*, 840 N.E.2d 441, 445 (Ind. Ct. App. 2006) (noting the respondent represented corn grits to be cocaine and affirming the respondent's adjudication under Ind. Code § 35-48-4-4.6); *see also Davis v. State*, 791 N.E.2d 266, 270 (Ind. Ct. App. 2003) ("Circumstantial evidence showing possession with intent to deliver may support a conviction. Possessing a large amount of a narcotic substance is circumstantial evidence of intent to deliver. The more narcotics a person possesses, the stronger the inference that he intended to deliver it and not consume it personally."), *reh'g denied*, *trans. denied*.

B.    *Count II*

[11]    Neal next challenges his conviction for dealing in marijuana as a level 5 felony under Count II. Ind. Code § 35-48-4-10 provides in part:

a)     A person who:

\* \* \* \* \*

(2)     possesses, with intent to:

      (A)     manufacture;
      (B)     finance the manufacture of;
      (C)     deliver; or
      (D)     finance the delivery of;

marijuana, hash oil, hashish, or salvia, pure or adulterated;

commits dealing in marijuana, hash oil, hashish, or salvia, a Class A misdemeanor, except as provided in subsections (b) through (d).

\* \* \* \* \*

(d)     The offense is a Level 5 felony if:

(1)     the person has a prior conviction for a drug dealing offense and the amount of the drug involved is:

      (A)     at least thirty (30) grams but less than ten (10) pounds of marijuana; . . . .

[12]     Neal claims the State did not show that he had "a prior conviction for a drug dealing offense" under Ind. Code § 35-48-4-10(d)(1). He argues the State failed to present evidence that his convictions in Wisconsin are drug dealing offenses under Indiana law. He argues that, at most, the State proved he is guilty of dealing in marijuana as a level 6 felony. The State responds that Indiana considers possession with intent to deliver to be dealing and it is reasonable to conclude the legislature intended to treat out-of-state convictions similarly.

[13]     To the extent we must interpret section (d)(1) of the statute, the primary rule in statutory construction is to ascertain and give effect to the intent of the

legislature. *Hendrix v. State*, 759 N.E.2d 1045, 1047 (Ind. 2001). Neal does not challenge the evidence that the green plant material found in the vehicle was marijuana and had a total weight of 73.02 grams. The State presented evidence of judgments of conviction from Wisconsin showing that Neal was convicted in April 2010 of "Possess w/Intent-Heroin" as a "Felony F" and of "Possess w/Intent-Cocaine" as a "Felony G." State's Exhibit 22. The judgment and attached criminal complaint indicate the crimes were violations of Wisc. Stat. § 961.41(1m). The State submitted a copy of Wisc. Stat. § 961.41 to the trial court for its consideration. The criminal complaint alleged that Neal "did possess with intent to deliver a controlled substance" with respect to both charges. *Id*. Ind. Code § 35-48-4-10 provides that a person commits dealing in marijuana when the person "possesses, with intent to . . . deliver . . . marijuana," and Ind. Code § 35-48-4-1 provides that a person commits dealing in cocaine or a narcotic drug when the person "possesses, with intent to . . . manufacture [or] deliver . . . cocaine or a narcotic drug . . . ." Similarly, the relevant statute in Wisconsin provided that it was unlawful for any person "to possess, with intent to manufacture, distribute or deliver, a controlled substance . . . ." Based upon the record, we conclude the State presented evidence of probative value from which the trial court could find that Neal's Wisconsin convictions constituted prior convictions for drug dealing offenses under Ind. Code § 35-48-4-10(d)(1).

II.

[14] The next issue is whether the trial court abused its discretion in ordering Neal to pay public defender fees and medical expenses. As to medical expenses, Neal argues the court did not give him notice before imposing the expenses, the court is required to consider an inmate's ability to pay, he reported no cash or other assets at his initial hearing, and appellate counsel was appointed for him at sentencing. The record does not indicate a total amount he is required to pay, and Neal states has no idea what expenses are being sought. As to public defender fees, he argues the court abused its discretion by imposing a fee without a hearing, that he is indigent, and that the court imposed a $250 fee without indicating the statutory basis for doing so. The State concedes that there is uncertainty in the record regarding whether Neal is currently able to pay these fees and requests that this Court remand for further proceedings to determine his present ability to pay.

[15] The trial court's order states that Neal shall reimburse Marshall County for all medical care expenses incurred by the County under Ind. Code § 11-12-5-7, but does not specify a reimbursement amount. Ind. Code § 11-12-5-7(b) provides that "a court may order a county jail inmate to reimburse a county for all or a portion of medical care expenses incurred by the county in providing medical care to the inmate." The statute expressly provides: "In determining the amount of reimbursement that an inmate may be required to pay under subsection (b), the court shall consider the inmate's ability to pay." Ind. Code § 11-12-5-7(d). It also provides that, if a court "orders a county jail inmate to reimburse a county for medical care expenses under subsection (b), the amount

of the medical care expenses shall be reduced by the amount of any copayment the inmate was required to make," Ind. Code § 11-12-5-7(e), and that, if a county incurs medical care expenses which are not reimbursed, it shall attempt to determine the amount that may be paid by a policy of insurance or Medicaid. *See* Ind. Code § 11-12-5-7(f). Further, the trial court's order does not state a statutory basis for requiring Neal to pay a public defender fee.[1] The court's order did not indicate that it had inquired into or determined Neal's ability to pay.

[16] In light of the parties' arguments and the record, we reverse the trial court's order that Neal pay a public defender fee of $250 and reimburse Marshall County for medical expenses paid on his behalf and remand for hearing and further proceedings.

[17] For the foregoing reasons, we affirm Neal's convictions and remand for further proceedings consistent with Part II above.

[18] Affirmed in part, reversed in part, and remanded.

May, J., and Mathias, J., concur.

---

[1] Neal states: "Three statutory provisions – Ind. Code § 35-33-7-6, § 33-40-3-6, and § 33-37-2-3 – address the imposition of public defender fees." Appellant's Brief at 25.